DENNIS, Justice.*
We granted defendant’s pre-trial application for writs to determine whether his arrest and seizure of evidence incident thereto were invalid under the recent holding of the Supreme Court in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In that case, the high court held:
“It is a ‘basic principle of Fourth Amendment Law’ that searches and seizures inside of a home without a warrant are presumptively unreasonable .... In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.”
Since granting writs in the present case, however, we have decided in State v. Friddle, 396 So.2d 1242 (La.1981), that the Payton, rule will not be applied retroactively. Because the arrest and seizure of evidence occurred on April 11,' 1980, four days before Payton was decided on April 15, 1980, this case is not governed by the Pay-ton rule. Accordingly, this case must be decided upon the law as it existed before Payton.
Warrantless searches and seizures are unreasonable, absent compliance with one of the specifically defined exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1974); State v. Banks, 363 So.2d 491 (La.1978). Once a defendant makes the initial showing at a motion to suppress hearing that a warrantless search occurred, the burden of proof shifts to the State to affirmatively show that the search is justified under one of narrow exceptions to the rule requiring a search warrant. State v. Banks, supra; State v. Franklin, 353 So.2d 1315 (La.1978). One of these exceptions is a search and seizure incident to a valid arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
Our review of the record in this case, which contains only the testimony taken at the motion to suppress hearing, indicates that the trial court denied defendant’s motion on the erroneous finding that the arresting officers acted under a valid arrest warrant. The record clearly reflects, however, that the warrant was not issued until some time after the arrest and evidence seizures had taken place. Because the Pay-ton rule does not apply to this case, the arrest still may have been valid if based on probable cause, and if the authorities had probable cause to believe that the defendant was within the residence at the time they entered. See State v. Ragsdale, 381 So.2d 492 (La.1980); State v. Thomas, 349 So.2d 270 (La.1977). The prosecution failed to present any evidence of probable cause to arrest due to the trial judge’s erroneous ruling which indicated that the arrest warrant was valid. Under these circumstances, we think fairness and due process demand that the trial court ruling be set aside and that the case be remanded to the trial court for a new motion to suppress hearing in light of our recent decision in State v. Friddle, supra, and this opinion.
REVERSED AND REMANDED.
JOHN C. BOUTALL J. Ad Hoc, concurs in the result.
JAMES C. GULOTTA, J. Ad Hoc, dissents.

 Judges James C. Gulotta, John C. Boutall and Patrick M. Schott of the Court of Appeal, Fourth Circuit, participated in this decision as Associates Justices pro tempore, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Pascal F. Calogero, Jr., James L. Dennis, and Jack Crozier Watson.