428 So.2d 979 (1983)
STATE of Louisiana
v.
Jerry B. PITTMAN.
No. 82 KA 0808.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied April 15, 1983.
*981 Jack T. Marionneaux, Asst. Dist. Atty., Plaquemine, for the State.
Frank J. Gremillion, Baton Rouge, for defendant.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
On April 11, 1980, Glen Hanson died as the result of a stab wound he received during an incident in the parking lot of a bar in Iberville Parish. Jerry B. Pittman was arrested later that morning at his apartment in Baton Rouge and was subsequently indicted for second degree murder by a Grand Jury. After pleading not guilty, the defendant was tried and found guilty as charged by a jury, and received the mandatory sentence of life imprisonment without the benefit of probation, parole or suspension of sentence. Defendant appeals his conviction and sentence, submitting four assignments of error.

FACTS
Early on the morning of April 11, 1980, Jerry Pittman was seated in the driver's seat of his car, which was parked in the front of the Country Place, a bar in Iberville Parish, when Glen Hanson parked his car behind defendant's car. There were three other men and one woman in Hanson's car. All of the parties had been drinking for several hours and Pittman's car was believed to be the one that had earlier been "tailgating" Hanson's car. Hanson got out of his car and walked toward the driver's side of Pittman's car. He was next seen at the defendant's car door, then backing up and leaning against an adjacent car. Pittman got out of his car, and the occupants of Hanson's car testified that Pittman waved a knife at them and threatened them. Hanson, bleeding profusely, staggered to his car and was rushed to the hospital, where he died due to loss of blood as his femoral artery had been severed.
The Iberville Parish Sheriff's Department sent a teletype to the Baton Rouge City Police Department, advising them of the warrant for the arrest of Jerry Pittman for second degree murder. Acting upon this information, two police officers went to defendant's apartment. A car fitting the description of the one involved in the incident at the Country Place was in the driveway. Receiving no response to their knocks, the police, seeing Pittman asleep inside, entered the apartment through an unlocked upstairs window. Defendant was awakened, given Miranda warnings and arrested. The police also took custody of a knife and a bloodstained bandana.

ASSIGNMENT OF ERROR # 1
Prior to trial, defendant filed a motion to suppress the evidence seized at the time of his warrantless arrest in his home; i.e., the knife and the bandana. He argued that under the case of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the seizure was unlawful as it violated his constitutional rights. In Payton the Supreme Court held:
It is a `basic principle of Fourth Amendment Law' that searches and seizures inside a home without a warrant are presumptively unreasonable .... In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.
The Louisiana Supreme Court granted a pre-trial application for writs to determine whether Payton was to be applied retroactively. In State v. Pittman, 397 So.2d 1297, 1298 (La.1981), the Court stated:
Since granting writs in the present case, however, we have decided in State v. Friddle, 396 So.2d 1242 (La.1981), that the *982 Payton rule will not be applied retroactively. Because the arrest and seizure of evidence [in Pittman] occurred on April 11, 1980, four days before Payton was decided on April 15, 1980, this case is not governed by the Payton rule. Accordingly, this case must be decided upon the law as it existed before Payton.

Subsequently the case was remanded to the trial court for a hearing on the motion to suppress, at which time the court held the items which were seized at the time of the warrantless arrest to be admissible evidence as the arrest was based on probable cause. The evidence was admitted at the trial.
Article 213 of the Louisiana Code of Criminal Procedure sets forth our statutory law relative to warrantless arrests:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
(4) The peace officer has received positive and reliable information that another peace officer from this state holds an arrest warrant, or a peace officer of another state or the United States holds an arrest warrant for a felony offense.
Sections 3 and 4 specifically authorize the arrest of Jerry Pittman under the circumstances. A warrantless arrest must be based on the arresting officers' reasonable belief that the person to be arrested had committed or is committing an offense. In the instant case the arresting officers received trustworthy information that Pittman was the person who had committed the homicide. This information was based on descriptions and a license number obtained from eyewitnesses to the incident. The officers acted pursuant to a teletype which represented that an arrest warrant had been issued by authorities in an adjoining parish. There was probable cause for the officers to enter the house and make the warrantless arrest and seizure of evidence incident to the arrest.
In United States v. Blake, 632 F.2d 731 (9th Cir.1980), the Court affirmed the criteria for exigent circumstances enunciated in Dorman v. United States, 435 F.2d 385 (D.C.Cir.1970). The Dorman case held that warrantless entries would be reasonable when:
(1) A grave offense is involved, particularly one that is a crime of violence;
(2) the suspect is reasonably believed to be armed;
(3) there is a clear showing of probable cause, including "reasonably trustworthy information" to believe that the suspect committed the crime involved;
(4) there is strong reason to believe that the suspect is in the premises being entered;
(5) there is likelihood that the suspect could escape if not apprehended;
(6) the entry though made without consent is made peaceably.
Considering these factors it is evident that the entry and arrest in the instant case were reasonable. A violent crimemurderwas involved and there was reason to believe that the suspect was armed. The officers observed Pittman asleep on the floor of the apartment with a scabbard on his belt. Indeed, a knife was found next to the defendant. Acting upon an official communication from another law enforcement agency, the officers entered the apartment peaceably through an unlocked window.
Under the circumstances of this case and the law as it then existed, it cannot be said that defendant's constitutional rights were violated; therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR # 2
Defendant urges that the trial judge committed reversible error when he allowed *983 the State to call as a rebuttal witness one of the State's witnesses who had been examined during the State's presentation of its case-in-chief. He argues that the rebuttal evidence of one of the State's witnesses, Steve Roy, was merely cumulative and repetitious of that witness' original testimony on direct examination in the State's presentation of its case-in-chief rather than rebuttal testimony which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. See State v. Constantine, 364 So.2d 1011 (La.1978).
When the State's witnesses testified inchief that defendant attacked the deceased and the defense then testified that the deceased attacked defendant, rebuttal testimony by the State's witness to the contrary was admissible. LSA-R.S. 15:282. The fact that Mr. Roy testified during the State's case-in-chief as well as on rebuttal is no reason to exclude his rebuttal testimony.
It is "rebuttal," not "impeaching," to show that the statement of the witnesses as to what occurred is not true. Contradiction is one of the means of rebutting the testimony of a witness produced by the defendant in a criminal prosecution. State v. Poe, 214 La. 606, 38 So.2d 359 (1948). The control of evidence presented on rebuttal is within the sound discretion of the trial judge. State v. Green, 390 So.2d 1253 (La. 1980). There was no abuse of discretion in allowing Mr. Roy's rebuttal testimony which contradicted statements made by the defendant. This assignment of error lacks merit and the ruling of the trial court is affirmed.

ASSIGNMENT OF ERROR # 3
Defendant argues that the trial court erred in denying his motion for a new trial based on the verdict which he alleges is contrary to law and evidence. In particular, he avers that the State failed to prove beyond a reasonable doubt that the homicide was not committed in self-defense as evidence was introduced which created a reasonable inference of self defense. State v. Hatter, 350 So.2d 149 (La.1977). He further submits that the jury disregarded this inference notwithstanding the requirement that the jury give the benefit of any reasonable doubt to the defendant.
A defendant who has been indicted for homicide and asserts that he acted in self-defense does not assume any burden of proof whatsoever on that issue; the State has the entire and affirmative burden of proving beyond a reasonable doubt that a homicide was feloniously committed and was not perpetrated in self-defense. LSA-R.S. 14:20; State v. Patterson, 295 So.2d 792 (La.1974). Appellate review of the jury's decision of this critical issue is governed by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which held that the relevant question on appeal in a case such as this is whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Savoy, 418 So.2d 547 (La.1982).
Witnesses for the State testified to the defendant's aggressive actions toward the victim by tailgating his car on the highway prior to the incident at the Country Place. Eyewitness testimony also revealed that the victim was unarmed as he walked to Pittman's car while Pittman was seen brandishing a knife. The only testimony which indicated that the defendant acted in self-defense was his own uncorroborated statement that the victim leaned into his car and grabbed him. The State's evidence presents a strong showing that the attack was not necessary to prevent loss of life or great bodily harm and that the force used was unreasonable under the circumstances. Therefore, the attack was not one done in self-defense within the meaning of LSA-R.S. 14:20.
We find no merit in this assignment of the error.

ASSIGNMENT OF ERROR # 4
Defendant's second motion for new trial was based upon the reappearance of a witness who had not been available at the time of the trial, arguing that his testimony offered "new and material evidence." *984 LSA-C.Cr.P. art. 851. In order for the defendant to succeed on this motion he must prove two things: (1) that the evidence was not discoverable before or during trial despite the exercise of reasonable diligence; and (2) that the evidence, if it would have been available at trial, probably would have changed the verdict.
During a hearing on this motion, the "newly discovered" witness testified that he had been contacted by a private investigator more than a year before the trial. He further testified that although he was employed out of the State, he maintained contact with his family in Louisiana but no one had contacted him regarding the trial.
Article 854 of the Code of Criminal Procedure sets forth the requirements for a motion for new trial based upon newly discovered evidence, and specifically states:
The newly discovered whereabouts or residence of a witness do not constitute newly discovered evidence.
This requirement is clarified in comment
(c) to Art. 854:
Such a discovery will not be the basis for a new trial unless new evidence is thus made available which will meet the requirements of materiality and probable change of verdict set forth in Art. 851(3).
The trial judge found, however, that the testimony of the new witness was not so material that it ought to produce a result different from the verdict rendered at trial. See State v. Spell, 399 So.2d 551 (La.1981). The decision of a trial judge on a motion for new trial is accorded great discretion and considerable latitude in evaluating the reliability of evidence and its potential impact on the verdict, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Molinario, 400 So.2d 596 (La.1981). We find no abuse of discretion on the part of the trial judge in the denial of defendant's motion for new trial which was based on newly discovered evidence. There being no merit in this assignment of error, we affirm.
Accordingly, and for the above reasons, the conviction and sentence are affirmed.
AFFIRMED.