RONALD D. COX, Judge Pro Tern.
The defendant, Scott Allen Thorne, was charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966. On October 30, 1985 Judge Lloyd G. Teekell heard a motion to suppress evidence (the marijuana) and all inculpatory statements made incident to his arrest and detention. The trial court denied the motion. Defendant applied to this court for supervisory writs from this ruling, which was also denied. The defendant, having waived trial by jury, was tried by Judge Robert P. Jackson and on November 4, 1985 was found guilty as charged. On November 8, 1985 he was sentenced to serve a term of five (5) years imprisonment at hard labor. Defendant appeals his conviction. We affirm.
*1302 FACTS
On the afternoon of May 8, 1985 Officer Tim Powdrill, Pineville City Police, received information from a confidential informant that one Scott A. Thorne would be in a certain parking lot within 30 minutes, parked in a gray 1977 Cougar from which he would be distributing or “fronting” marijuana for sale. The informant told Officer Powdrill he had overheard a telephone conversation by Thorne. The informant gave a physical description of Thorne and stated Thorne would have about a quarter pound of marijuana in his possession. He further stated that Thorne “fronted” drugs to people who would sell them and pay him later. The confidential informant had proven to be reliable in the past and had given information which resulted in a conviction.
The officer did not believe he had enough time to secure a warrant, so he proceeded immediately to the location. Upon arrival Officer Powdrill observed the car and its occupant, both of which matched the informant’s description. As the unmarked unit approached, the defendant laid down on the seat, then sat up and began leaving. Officer Powdrill radioed marked units, who blocked defendant’s escape. The officers then approached defendant’s vehicle, pointed their revolvers at him, and asked him to get out of his car. They conducted a pat down search of the defendant. Once satisfied he was unarmed, the officers holstered their weapons and advised him of his constitutional rights. Officer Powdrill then asked defendant, “Do I have your consent to search your vehicle?” The defendant replied, “yes.” The officer testified he did not explain to defendant that he could refuse the request to search his vehicle. The officers discovered seven individual plastic bags of marijuana inside a larger bag under the back seat.
Defendant was taken to headquarters for questioning. One officer testified that during the questioning defendant was “in a very relaxed state of mind, pretty friendly, wasn’t hostile or anything.” Defendant told authorities that if they had caught him a few hours later he would have had three or four pounds of marijuana on him. He also told the officers that he “fronted” marijuana.
Initially, defendant agreed to work with a state trooper on undercover assignment investigating the larger drug supplier. Subsequently, however, he backed out of the deal and was charged with possession of marijuana with intent to distribute.
ASSIGNMENT OF ERROR
Defendant contends the trial court erred in refusing to suppress the physical evidence (marijuana) and inculpatory statements made after Officer Powdrill arrested him. Defendant argues that the seizure of the marijuana and his subsequent inculpa-tory statements are the “fruits” of an unconstitutional search and arrest, because there were no exigent circumstances justifying his warrantless arrest.
To determine the admissibility of defendant’s inculpatory statements and the marijuana, we first consider whether defendant’s arrest was based on probable cause to believe that he had committed a crime.
Louisiana Code of Criminal Procedure Article 213 provides in pertinent part:
“A peace officer may, without a warrant, arrest a person when: * * *
“... (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; * * *”
The Louisiana Supreme Court in State v. Raheem, 464 So.2d 293 (La.1985), in considering the meaning of reasonable cause stated:
“Probable cause to arrest without a warrant exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). State v. Marks, 337 So.2d 1177 (La.1976). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can *1303 be expected to act. State v. Marks, supra.”
Inculpatory statements procured as a result of an unlawful arrest are tainted and must be suppressed at the trial of the person subjected to the illegal arrest. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); State v. Burton, 416 So.2d 73 (La.1982); State v. Walker, 430 So.2d 1327 (La.App. 3rd Cir.1983) and cases cited therein.
The court in State v. Pittman, 428 So.2d 979 (La.App. 1st Cir.1983), writ denied, 433 So.2d 155 (La.1983), cert. denied, 464 U.S. 836, 104 S.Ct. 122, 78 L.Ed.2d 120 (1983), listed some of the factors to be considered in determining if sufficient exigent circumstances existed at the time of a warrantless arrest to justify such warrantless arrest as follows:
“* * * (3) there is a clear showing of probable cause, including ‘reasonably trustworthy information’ to believe that the suspect committed the crime involved; * * *
“(5) there is likelihood that the suspect could escape if not apprehended; * *”
Officer Powdrill had received information from a confidential informant whose past information led to an arrest and conviction. The informant established a basis for his knowledge, in that he had overheard a phone conversation. Upon arriving at the scene the officer observed everything as described by the informant. Defendant was, in fact, sitting in a gray 1977 Cougar parked in the King’s Country Shopping Center parking lot. The occupant matched the informant’s description. Upon noticing the police, defendant ducked out of sight, then attempted to drive away.
Considering the totality of the circumstances, the officers acted reasonably in stopping the defendant. Under the circumstances, it was not unreasonable for the officers to conduct a pat down search and, having satisfied themselves that defendant was unarmed, holster their guns and read him his rights. We conclude from the totality of the circumstances that the officers had probable cause to believe a crime was being or was about to be committed, and that the defendant was attempting to flee.
Basically, defendant argues that the confidential informant’s tip was not enough to establish probable cause either to search the vehicle without a warrant or to arrest defendant subsequent to that search. Defendant relies on the recent decision of State v. Raheem, 464 So.2d 293 (La.1985). Though the general factual situation in Ra-heem is similar to the case at bar, we note significant differences. In Raheem, the major shortcoming was that the confidential informant failed to set forth any basis whatsoever for his information. Raheem, supra at 297. Thus, it was difficult to establish probable cause for the initial confrontation with the suspects. Here, however, the informant told Officer Powdrill he had overheard a phone conversation where defendant divulged the information. Thus, the informant did set forth a basis for his knowledge. Also in Raheem, the occupants of the car were not observed doing anything suspicious or of a criminal nature. Raheem, supra at 297. In the present case, when the defendant observed the police unit he ducked out of sight, then started his car and attempted to leave. Under the totality of the circumstances rationale articulated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), it appears that the defendant’s actions naturally aroused the officer’s suspicion.
Given the totality of these circumstances, there was probable cause for the officers to make a warrantless arrest of the defendant. The subsequent oral inculpatory statements made by the defendant are admissible, as there was a lawful warrantless arrest. Under the circumstances of this case, it cannot be said that the defendant’s constitutional rights were violated. This assignment of error is without merit.
For the foregoing reasons, the conviction is affirmed.
AFFIRMED.