GUIDRY, Judge.
Defendant, Frank Dennis, Jr., was charged by bill of information with one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A), and with one count of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A). Initially, defendant pleaded not guilty. After a motion to suppress was denied, he withdrew his former plea and entered into a plea bargain with the State, in which the charge of possession of cocaine with intent to distribute was reduced to simple possession and the marijuana count was dropped entirely. Defendant then pleaded guilty to the reduced charge, but reserved his right to appeal from the adverse ruling on the motion to suppress evidence. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to three years imprisonment. On appeal, defendant urges error in the denial of his motion to suppress.
FACTS
On Friday, December 18, 1987, between 8:30 a.m. and 9:00 a.m., Deputies Cooley and Jones of the Natchitoches Parish Sheriffs Department received a call from a confidential informant (C.I.). The C.I. stated that he had been present during a conversation in which Frank Dennis, Jr. and Michael Braxton planned to travel to Houston, Texas, to buy narcotics. Dennis and Braxton were to leave from Natchitoches, Louisiana, that morning and return the same day. The C.I. gave the officers information as to the make, color, and license number of the car to be used in the trip. Deputy Cooley testified that this particular informant had previously provided the sheriffs department with information that led to arrests and convictions in other, unrelated drug cases.
The two officers then calculated the approximate time Braxton and Dennis would be returning from Houston. At 4:00 p.m., Cooley and Jones set up a surveillance point in an area where Dennis and Braxton were expected to pass on their return to Natchitoches. At approximately 7:05 p.m., the officers observed the car previously described by the informant. Cooley and Jones then began to follow the vehicle, which began to swerve back and forth onto the shoulder of the road. Although the officers’ testimony conflicted as to whether or not this constituted a traffic violation, no traffic citations were issued.
After performing a license check on the vehicle, which indicated that the car belonged to the wife of Frank Dennis, the officers stopped the suspect car. Cooley and Jones then exited their unit and approached the Dennis car. The two then identified themselves and noticed that Dennis and Braxton were in the vehicle. Both officers were previously familiar with Dennis and Braxton and recognized the two on sight. Also present in the vehicle was Edward Dorsey, who had been driving the car.
The officers ordered Dennis, Braxton and Dorsey to exit the vehicle and place their hands on top of the car. The three were then advised of their Miranda rights. The testimony of the two officers conflicts as to whether or not their guns were drawn during this encounter. Cooley and Jones then asked Dennis if he would allow Dorsey to drive the car to the sheriffs office, as traffic was becoming congested. Dennis agreed and Dorsey drove the vehicle with Jones accompanying him. Dennis and Braxton were then handcuffed, searched for weapons and transported to the sheriff's office. Upon reaching the sheriffs office, Dennis was asked for permission to search his vehicle. Dennis was told that his consent was necessary to save the officers the time it would take to obtain a search warrant. The officers then read a consent form to Dennis, which he subsequently signed. During the search, one-half ounce of cocaine was found, along with thirteen small bags of marijuana.
Defendant contends that the trial court erred in overruling defendant’s motion to *552 suppress the marijuana and cocaine found during the search of his car. He argues in brief that no probable cause existed for the arrest and, therefore, his consent to the search was not valid. Dennis also argues that, even if the arrest was valid, the officers were required to have a warrant for the search of his vehicle.
LEGALITY OF THE ARREST
In State v. Raheem, 464 So.2d 293, 296 (La.1985), the Louisiana Supreme Court stated: “An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under ar-rest_” (citations omitted). In the instant case, when the deputies stopped the Dennis automobile, they ordered the defendants out of the car, had them place their hands on the vehicle, subsequently handcuffed them and conducted a pat down search for weapons. They then read each defendant his Miranda rights. Clearly, at that point an arrest occurred.
A warrantless arrest in a public place is valid if based on probable cause, even in the absence of exigent circumstances. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), rehearing denied, 424 U.S. 979, 96 S.Ct. 1488, 47 L.Ed.2d 750 (1976); State v. Tomasetti, 381 So.2d 420 (La.1980).
La.C.Cr.P. art. 213 states that:
“A peace officer may, without a warrant, arrest a person when:
* * s£ * * *
... (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; ...”
As stated by this court in State v. Thorne, 487 So.2d 1301 (La.App. 3rd Cir. 1986), at page 1302:
“The Louisiana Supreme Court in State v. Raheem, 464 So.2d 293 (La.1985), in considering the meaning of reasonable cause stated:
‘Probable cause to arrest without a warrant exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). State v. Marks, 337 So.2d 1177 (La.1976). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Marks, supra.’ ”
The United States Supreme Court has held that, in cases where the arrest is based upon information provided by a confidential informant, a “totality of the circumstances” test will be used in evaluating if probable cause did indeed exist. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), rehearing denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). Under this analysis, all of the various indicia of reliability pertinent to the information received are considered. Two of the most important factors used in this evaluation are the veracity of the informant and his basis of knowledge. State v. Sterling, 444 So.2d 273 (La.App. 1st Cir. 1983). The “veracity” of the informant may be established by the accuracy of his prior reports and by the corroboration of his present report. The informant’s “basis of knowledge” can be established either by his direct personal observation or, if the information came indirectly to the informant, the reasons in sufficient factual detail to evaluate the reliability of the indirect source and/or of the indirectly-obtained information. State v. Buckley, 426 So.2d 103 (La.1983); State v. Elliot, 407 So.2d 659 (La.1981); State v. Paciera, 290 So.2d 681 (La.1974).
In the case before us, the arresting officers possessed information trustworthy enough to give them probable cause to believe that defendant committed an offense. Defendant argues that because the *553 officers could only testify that the C.I.’s previously supplied information led to prior arrests and not to convictions, the CJ.’s veracity is in question. However, Deputy Cooley testified that this particular C.I. had previously provided them with tips which have led to convictions and/or guilty pleas for stolen merchandise and narcotics offenses, in addition to prior arrests for said offenses. Even assuming arguendo that the deputies testified only as to arrests made pursuant to information provided by this C.I., the Louisiana Supreme Court in a footnote in State v. Rudolph, 369 So.2d 1320 (La.1979), cert. denied, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982), has apparently held that the credibility of an informant can be established by evidence that “... he has previously supplied information which has led to arrests and/or convictions”. (Emphasis ours). See also State v. Hysell, 364 So.2d 1300 (La.1978), rehearing denied.
Other facts in this case also establish the veracity of this C.I. The information regarding the defendant’s narcotics purchase was supplied to the arresting officers within one hour after the C.I. received it. Also, the C.I.’s description of the automobile, including the furnishing of the correct license plate number, exactly matched that of the car used in the commission of the crime. Finally, the C.I. correctly informed the deputies where and when Braxton and Dennis planned to obtain the drugs. Thus, the deputies were able to set up a surveillance point in an area where Braxton and Dennis were to travel on their return to Natchitoches.
Furthermore, the basis of this C.I.’s knowledge was also established at the hearing. The record reflects that the information provided by the C.I. to the deputies was a result of the C.I.’s direct, personal observation. The C.I. told the deputies that he was personally present during the conversation between Braxton and Dennis wherein they discussed going to Houston to purchase narcotics. As stated by the trial judge in his oral reasons for ruling, this fact differentiates this case from that presented in Raheem, supra, where the court found no probable cause because there was no basis for the informant’s information, i.e., there was no indication in the informant’s tip that he had personal knowledge of any of the information provided.
In the instant case, it is clear that the information provided by the C.I. to Deputies Cooley and Jones was sufficiently trustworthy. Hence, the deputies had probable cause to arrest defendant, Dennis, and the other suspects.
THE SEARCH OF DENNIS’ CAR
La. Const. Art. 1, § 5 states that “[ejvery person shall be secure ... against unreasonable searches ...”. One of the fundamental principles of this prohibition is that a search conducted without a warrant issued upon probable cause is per se unreasonable. This rule, however, is subject to a few, specifically established, well delineated exceptions. State v. Owen, 453 So.2d 1202 (La.1984). As stated in Raheem, supra:
“One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. State v. Owen, supra. When made after an illegal detention or search, consent to search, even if voluntary, is valid only if it was the product of a free will and not the result of an exploitation of the previous illegality. Among the factors considered in determining whether the consent was sufficiently attenuated from the unlawful conduct to be product of a free will are whether the police officers adequately informed the individual that he need not comply with the request, the temporal proximity of the illegality and the consent, the presence of intervening circumstances, and the purpose and flá-grancy of the official misconduct. State v. Owen, supra; State v. Zielman, 384 So2d 359 (La.1980); State v. Bennett, 383 So2d 1236 (La.1980) (on rehearing).”
In the instant case, no warrant was issued for the search of Dennis’ car. The testimony of Deputy Jones establishes that Dennis was advised of his Miranda rights *554 at the time of the stop and at the sheriffs office. The testimony of the deputies states that Dennis was cooperative and willingly agreed to the search of the vehicle. Deputy Jones read the consent form out loud to Dennis before Dennis signed it. The consent form stated that Dennis had the right to refuse to permit the search. Deputy Jones testified that he explained to Dennis that the consent form was “... used in order to eliminate the time it would take to secure a search warrant”. The record also reflects that Dennis’ consent was given at the sheriffs office while defendant was under arrest.
As previously stated, the consent, was given a relatively short time after the arrest. However, defendant was informed of his right to refuse the search. While it seems that the officers may have presented this consent form in order to save time, the fact remains that defendant was not denied a substantive right. Dennis may have felt that regardless of whether or not he signed the consent form, the car was going to be searched. However, the consent was freely and voluntarily given by a defendant after being legally arrested by officers who had probable cause to arrest defendant at the time of the stop.
Accordingly, for the above and foregoing reasons, we affirm the trial court’s denial of the motion to suppress. Defendant’s conviction and sentence are affirmed.
AFFIRMED.