Dear Mr. Picard:
Your request for an opinion on what reasonable cause mentioned in Code of Criminal Procedure Article 213(3) entails has been forwarded to me for research and reply. Specifically, you have asked the following question:
Does a peace officer's knowledge of a bench or fugitive warrant constitute, "reasonable cause to believe the person to be arrested has committed an offense," required by the Code of Criminal Procedure Article 213(3) in a warrantless arrest?
Code of Criminal Procedure Article 213(3) provides that a peace officer may make a warrantless arrest when, "The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer . . ." The question thus becomes, what is the definition of reasonable cause and then what actually equals reasonable cause?
The general definition for reasonable cause in warrantless arrests, quoted numerous times in the jurisprudence, comes fromBeck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed. 142
(1964). In this case, the Supreme Court said reasonable cause for arrest without warrant exists," when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio,supra, State v. Drew, 360 So.2d 500 (La. 1978). The jurisprudence, in elaborating further on the idea of reasonable cause for warrantless arrest, has equated this reasonable cause to probable cause to make an arrest or to obtain an arrest warrant. State v. Weinberg, 364 So.2d 964
(la. 1978); State v. Linkletter, La., 345 So.2d 452;State v. Boudreaux, 467 So.2d 1335 (La.App. 5 Cir. 1985). The problem with this definition of reasonable cause is that the law has not put forth hard and fast rules for this determination and leaves the court to fact-based inquiries and decisions. State v. McIlvaine, 174 So.2d 515.
Observing this general definition of reasonable cause, the question thus remains, is the knowledge of a bench or fugitive warrant the required reasonable cause needed to make a warrantless arrest? The jurisprudence has dealt with several similar situations.
In Boudreaux, supra, the defendant was suspected of robbery. After running his name in the National Crimes Computer, the officer's discovered there was an outstanding warrant for his arrest. The officers arrested the defendant relying on their knowledge that, "it was in the computer." Boudreaux, Id. The court recognized the validity of an arrest made pursuant to an honest belief that an outstanding warrant exists. The court went even further to say that even if the warrant in fact does not exist, that C.Cr.P. 213 authorizes a warrantless arrest when that arrest is based on a reasonable belief that a person has committed an offense. Boudreaux, Id.
Another case close to point is State v. Taylor,468 So.2d 617 (La.App. 2 Cir. 1985). In Taylor, the officers arrested the defendant relying on an invalid bench warrant for arrest. The court found that because the officer's should have known the warrant was out-of-date and because it was the officer's error that they could not reasonable rely on the warrant as a basis for reasonable cause to make a warrantless arrest. This decision implies that had the officers not known or should not have known of the defect in the warrant, his good faith in relying upon it to arrest would have been the necessary reasonable cause. These ideas are similarly expressed inState v. Pittman, 428 So.2d 979, where the Baton Rouge Police Department, relying on a teletype from Iberville Parish that the defendant had an outstanding warrant pending on him, made a warrantless arrest on the defendant. The court held that the officer's reliance on their knowledge of the warrant for Pittman was probable cause (reasonable cause) for the warrantless arrest.
Therefore, it would seem to follow that if the peace officer is reasonably relying in good faith on his knowledge of a bench or fugitive warrant issued on the suspect, this knowledge would fulfill the statutory requirements of reasonable cause in Code of Criminal Procedure Article 213(3) for a warrantless arrest.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ ANN EVANS WHITTINGTON Assistant Attorney General