609 So.2d 206 (1992)
STATE of Louisiana
v.
Sylvester TRACKLING.
No. 92-K-1395.
Supreme Court of Louisiana.
December 7, 1992.
*207 M. Craig Colwart, New Orleans, for applicant.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Hans P. Sinha, Valentin M. Solino, Asst. Dist. Attys., for respondent.
PER CURIAM:[*]
The defendant was convicted by a jury of aggravated battery and attempted aggravated rape, violations of La.R.S. 14:34 and La.R.S. 14:27; 14:42 respectively. The trial court imposed concurrent terms of ten years at hard labor for the aggravated battery and forty years at hard labor for the attempted aggravated rape. Thereafter, the state successfully adjudicated the defendant a second felony offender for purposes of La.R.S. 15:529.1, and the court resentenced him to 50 years at hard labor on the attempted aggravated rape conviction. On appeal, the Fourth Circuit affirmed the defendant's convictions and sentences while deleting a proviso by the trial court that the defendant serve his multiple offender term without good time eligibility. State v. Trackling, 598 So.2d 615 (La.App. 4th Cir.1992). We granted the defendant's application to review his claim that the evidence at trial was insufficient to sustain his attempted aggravated rape conviction. The merits of the defendant's conviction for aggravated battery are not before the Court. As to that conviction, the judgment of the court of appeal is final. La.C.Cr.P. art. 922. As to the defendant's conviction for attempted aggravated rape, we now reverse.
To convict the defendant of attempted aggravated rape, the state had to prove that he specifically intended to engage in an act of anal or vaginal sexual intercourse without his victim's lawful consent. La.R.S. 14:27; La.R.S. 14:42. Such proof is indispensable because specific intent to accomplish the offense is the sine qua non of the criminal offense of attempt, State v. Parish, 405 So.2d 1080 (La. 1981), and anal or vaginal sexual intercourse without lawful consent constitutes the act of rape. The record is replete with evidence that the defendant sought to overcome the resistance of his female companion by using a knife to extort a sexual act from her. This proof was sufficient to establish that the sex act attempted was "aggravated." However, the only direct evidence indicating what sex act the defendant intended to consummate came from the defendant himself and it precluded a finding of guilt beyond reasonable doubt as to the charged offense.
The testimony of both the defendant and his victim established that the two met in a North Broad Street drug store and travelled some distance by bus to his Cohn Street home after agreeing on a "drugs for sex" exchange. The defendant, who maintained that oral sex was his goal, testified that upon arriving at the Cohn Street residence, the two smoked cocaine he had obtained just prior to entering his home, then the woman performed fellatio on him, as agreed. After a brief trip to the bathroom to wash, the defendant reentered his bedroom to witness the woman stealing his money, and a fight ensued during which each participant armed himself and cut the other. Hearing the disturbance, neighbors called the police, who confronted the disheveled woman and defendant when they knocked on the door of the residence to which the neighbors directed them.
For her part, the victim testified about her agreement to have "sex." In recounting events inside the defendant's home, *208 however, she told jurors that after he reneged on his promise to give her drugs, the defendant insisted, as they began struggling, "You're going to suck my thing." The victim testified that when the police entered the house, "[t]he only clothes I didn't have on was the top."
Evidence that the defendant forcibly grabbed the victim while announcing his intent to commit an act of sexual intercourse will support a conviction for attempted rape. State v. Parish, supra; State v. Carney, 476 So.2d 364 (La.App. 4th Cir.1985); State v. Gray, 461 So.2d 627 (La.App. 1st Cir.1984). In this case, however, the victim never clarified what she meant when she agreed to have "sex" with the defendant. The defendant's contemporaneous declaration of desire went no further than oral sex and the state's circumstantial evidence of his intent, as manifested by the physical struggle with the victim, was not so inconsistent with his announced purpose that it excluded the reasonable possibility that the defendant meant exactly what he said.
The record is bereft of evidence that the sexual act the defendant attempted to accomplish was either vaginal or anal intercourse. For over a decade this Court has used the rational trier-of-fact standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for testing the sufficiency of the evidence. Rationality is the linchpin of the Jackson analysis. State v. Mussall, 523 So.2d 1305 (La.1988). When all the evidence in the instant case is taken in the light most favorable to the prosecution, it is insufficient to justify any rational juror in finding beyond a reasonable doubt that the defendant specifically intended to perpetrate an act of vaginal or anal intercourse. For this reason, the attempted aggravated rape conviction cannot stand.
Attempted aggravated crime against nature, a crime which the evidence in this case shows, is neither a lesser included offense of the crime of attempted aggravated rape, nor a statutorily responsive verdict. La.C.Cr.P. art. 814 A(9). The only additional verdicts provided for the charged offense by Art. 814 A(9) are verdicts of guilty of attempted forcible rape or of attempted simple rape. For this reason, there is no basis for entering a judgment of conviction in this case of a lesser included offense which is statutorily responsive. La.C.Cr.P. art. 821; State v. Byrd, 385 So.2d 248 (La.1980).
Accordingly, the attempted aggravated rape conviction is reversed, the fifty year multiple offender sentence imposed by the trial court is vacated, and the defendant is ordered discharged from custody relating to this conviction.
ATTEMPTED AGGRAVATED RAPE CONVICTION REVERSED; DEFENDANT ORDERED RELEASED AS TO THAT CHARGE.
LEMMON and MARCUS, JJ., dissent.
NOTES
[*] Judge Melvin A. Shortess of the First Circuit Court of Appeal sitting in place of Cole, J.