751 So.2d 393 (2000)
STATE of Louisiana
v.
Ronny J. RICARD.
Nos. 98-KA-2278, 99-KA-0424.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 2000.
*394 Harry F. Connick, District Attorney, Nicole Barron, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Elizabeth W. Cole, Supervising Attorney, Christopher McNabb, Student Attorney, Alice R. Greenberg, Student Attorney, Tulane Law Clinic, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MOON LANDRIEU, and Judge MICHAEL E. KIRBY.
KIRBY, Judge.
The defendant, Ronny Ricard, was charged by bill of information, in CDC # 366-276, with possession of cocaine, a violation of La. R.S. 40:967. All judges of the Orleans Parish Criminal District Court recused themselves from this and other cases against the defendant. The Louisiana Supreme Court appointed an ad hoc judge to preside over the defendant's cases. A jury found the defendant guilty as charged. He was subsequently found to be a second offender and sentenced to ten years at hard labor.
On September 22, 1998, a record was lodged in this court as 98-KA-2278, purporting to be the appeal record of CDC # 366-890. In fact, that record consists of a combination of entries relative to CDC # 366-890, a theft charge to which the defendant pled guilty, and CDC # 366-276, the possession of cocaine charge in which the defendant was found guilty. On February 19, 1999, a record was lodged in this court at 99-KA-0424 that contained some of the documents pertaining to CDC # 366-276. Considering that the trial, multiple bill, and sentencing transcripts for CDC # 366-276, the cocaine charge, were all erroneously contained in the record at 98-KA-2278, and further considering that counsel for the defendant filed a brief relative to the cocaine charge into that record, this court consolidated the two appeals. This appeal involves only the cocaine charge.[1]

STATEMENT OF THE FACTS
On September 29, 1993, at around 7:30 a.m., Officers Harry O'Neal and Carl Kreider were patrolling an area of Airline Highway known for prostitution and drug activity. The officers noticed the defendant and some females, in what appeared to be a heated argument, near a car in the parking area of a combination food store and gasoline station. The officers stopped their marked car in front of the car where *395 the defendant was standing. When the officers approached, the defendant began walking away. As the defendant walked towards the open trunk, Officer O'Neal asked him to stop. When the defendant began to put his closed fist into his pocket, Officer O'Neal grabbed the defendant's hand and found he was holding a metal crack pipe containing white residue. Officer O'Neal noted, on cross-examination, that the hood of the car was not seen open.
Criminalist Daniel Waguespack was stipulated to be an expert in the analysis and identification of controlled dangerous substances. He testified that the residue from the metal pipe placed into evidence tested positive for cocaine.
The defendant testified that his car had a leaky hose that caused him to pull over near the gas station on Airline Highway. He further testified that he obtained a metal pipe from the ground near a dumpster and had hoped to use the pipe to fix his car's hose problem.

ASSIGNMENT ONE
The defendant argues that the trial court erred when it refused to allow the defendant to change out of prison pants, thereby undermining his constitutionally guaranteed presumption of innocence.
This Court recently reviewed the applicable law with regard to a defendant being tried in prison attire:
Compelling a criminal defendant to stand trial in readily identifiable prison attire over his express objection infringes upon his presumption of innocence and denies the defendant due process of law. State v. Spellman, 562 So.2d 455, 456 (La.1990); see also Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). A reasonable delay is appropriate to accommodate a defendant's right to be tried in his own clothes and, moreover, works no hardship on the State. Id. When the defense objects before the jury is impaneled and the objection is not simply a dilatory tactic, then the State is not prejudiced by allowing a defendant the extra time to change to civilian clothing. State v. Leggett, 363 So.2d 434, 438 (La. 1978). The failure of a defendant to make a timely objection is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. State v. Brown, 585 So.2d 1211, 1213 (La.1991) (quoting Estelle, supra at 513, 96 S.Ct. at 1697).
State v. Johnson, 96-1943, pp. 3-4 (La. App. 4th Cir.4/16/97), 693 So.2d 233, 235, writ denied, 97-1095 (La.10/13/97), 703 So.2d 610. In Johnson, this court varied its policy and reversed, based on the facts of that case, where the defendant complained about being tried in prison attire after voir dire was completed and the venire panel was dismissed.
In the instant case, defense counsel timely requested, prior to voir dire examination, that the defendant be permitted to change out of Orleans Parish Prison (O.P.P.) pants. The trial court responded:
I've reviewed the slacks, and I do not find the pants to be so obvious prison decor, uniform, that would jeopardize the defendant. In fact, when I viewed the defendant's pants from four feet away, I didn't observe the outline of the O.P.P. letters and I would not have known it if it was not called to my attention. So I overrule your objection.
The trial court then instructed the minute clerk to have the sheriff obtain the pants when the defendant got back to parish prison to preserve as evidence as to the reason for its ruling. The record does not indicate if the pants were actually saved and put into evidence as requested by the trial court. However, the record contains no request from defense counsel that the pants be produced for this court's consideration of this assignment.
Whether or not the pants were readily identifiable prison attire is a question of fact better left to the trial court, which had the opportunity to view them, than to the reviewing court, which does not. Accordingly, *396 because the trial court did not find the pants to be obvious prison attire, this assignment is without merit.

ASSIGNMENT TWO
The defendant argues that the repeated improper comments of the prosecutor during rebuttal argument prejudiced the jury against his case. Specifically, the defendant argues that the prosecutor made arguments that were outside of the scope of the evidence and appealed to the jury's prejudices.
As per La.C.Cr.P. art. 774, the scope of closing argument "shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.... The state's rebuttal shall be confined to answering the argument of the defendant." Nevertheless, a prosecutor retains "considerable latitude" when making closing arguments. State v. Taylor, 93-2201, p. 19 (La.2/28/96), 669 So.2d 364, 374, cert. denied, Taylor v. Louisiana, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996). A conviction or sentence will not be reversed for improper closing argument unless this court is thoroughly convinced the remarks influenced the jury and contributed to the verdict. Taylor, 93-2201 at p. 21, 669 So.2d at 375; State v. Kyles, 513 So.2d 265, 275 (La.1987), cert. denied, Kyles v. Louisiana, 486 U.S. 1027, 108 S.Ct. 2005, 100 L.Ed.2d 236 (1988); State v. Knighton, 436 So.2d 1141, 1152 (La.1983), cert. denied, Knighton v. Louisiana, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). Even where the prosecutor's statements are improper, credit should be accorded to the good sense and fairmindedness of the jurors who have heard the evidence. Kyles, 513 So.2d at 276; State v. Jarman, 445 So.2d 1184, 1187 (La.1984).
The evidence indicated that the defendant was found in possession of a metal tube containing cocaine residue. The defendant testified that he only picked up the piece of pipe to repair a broken hose on the borrowed car he was driving. In rebuttal, the State extended the proven facts to assume that the defendant's denial of his knowing possession of cocaine was a denial of his drug problem. In that vein, the prosecutor made the following objectionable remarks:
When people refuse to accept responsibility for a drug problem, it gets worse, it gets complicated and in a lot of instances in this city people end up dead.
The court sustained the defense's objection and instructed the jury to disregard that comment as "not part even [of] deliberation. Certainly not part of the evidence."
The prosecutor later remarked:
But what I can tell you is that for Mr. Ricard to get help with his problem because he is not willing to accept it, the only way to get him help is to give the judge the power to help him.
Again the court sustained the defense objection, stating "I think that's going to the (realm) of sentence, which will be my exclusive problem, not yours."
The prosecutor gave the argument one final shot, as follows:
Mr. Ricard will not accept his responsibility for his problem. I'm asking you to help him. He won't help himself.
Defense counsel objected, noting that the jury was not there to help anybody, but rather to determine if the facts support the State's case. The trial court sustained the objection and advised the jury to disregard the prosecutor's remarks. The court further stated: "I think that your duty as jurors will be explained by me to you. And it is to judge the facts to determine whether or not there is guilt or innocence based on the facts and evidence you heard."
Considering the court's admonishments to the jury, and further considering the uncontroverted evidence that the defendant was in possession of the cocaine pipe, and further considering the incredible testimony of the defendant, it is unlikely that the prosecutor's remarks in closing argument *397 influenced the jury or contributed to the verdict. This assignment is without merit.

ASSIGNMENT THREE
The defendant pro se argues that the evidence was insufficient to sustain the conviction. The standard of appellate review for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Either direct or circumstantial evidence may prove the essential elements of the crime. With circumstantial evidence the rule is: "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La. R.S. 15:438. This rule is not a separate test from the review standard established by Jackson v. Virginia, but rather it is an evidentiary guideline which facilitates appellate review of the sufficiency of the evidence. State v. Jacobs, 504 So.2d 817, 820 (La.1987). The court is to consider the record as a whole, and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
Ultimately, to support a conviction, the evidence, whether direct or circumstantial or both, must be sufficient under Jackson to satisfy any rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Sutton, 436 So.2d 471 (La.1983). Specific intent may be inferred from circumstances and the defendant's actions. State v. Smith, 94-2588 (La.App. 4th Cir. 3/27/96), 672 So.2d 1034.
To support a conviction for possession of a controlled dangerous substance, the state must prove that the defendant was in possession of the illegal drug and that he knowingly or intentionally possessed the drug. La. R.S. 40:967; State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982).
The defendant does not contest the officers' testimony that he possessed a pipe, or the expert's opinion that the pipe contained cocaine residue. Rather, he reasserts his trial testimony that he was only using the pipe to fix his car, and did not know that the pipe contained cocaine residue.
Credibility determinations are within the discretion of the trier of fact and will not be disturbed unless they are clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984). The police officers described the scene and events leading up to the defendant's arrest. The defendant made his explanation to the jury of how he happened to be in possession of the pipe. The jury's decision to disbelieve the defendant was not clearly contrary to the evidence. Accordingly, this assignment is without merit.
For the reasons stated above, we affirm the conviction and sentence of defendant Ronny J. Ricard (CDC # 366-276,) for possession of cocaine.
AFFIRMED.
NOTES
[1] The records indicate that the appellant was prosecuted in cases numbered 366-880 and 366-890 at about the same time as the instant case. In case number 366-880, the appellant was found guilty of one count of possession with intent to distribute, pled guilty to a multiple bill, and was sentenced to serve fifteen years at hard labor under the bill, to run concurrently with the sentence imposed in 357-055 (theft case in which probation was revoked), 366-890 and 366-276. In case number 366-890, the appellant pled guilty to theft between $100 and $500 and was sentenced to serve one year at hard labor, concurrent with the sentences in, 366-880 and 366-890. The court probably intended that the sentence in case number 366-890 run concurrently with the sentence in 366-276; however, both the docket master and minute entry for that case state that the sentence in 366-890 is to run concurrently with the sentences in cases numbered 375-0555, 366-880 and 366-890.