ON REMAND FROM THE LOUISIANA SUPREME COURT
DAVID S. GORBATY, Judge.
_|_1This court originally considered this matter on December 1, 2004, and reversed the defendant’s conviction and sentence. We held that the trial court erred when it denied defendant’s motion to quash because the charged offense, attempted sexual battery, is not a valid crime in Louisiana. State v. Trackling, 04-0759 (La.App. 4 Cir. 12/1/04), 888 So.2d 1169. The State filed an application for writs to the Louisiana Supreme Court. The Supreme Court granted certiorari, and held that attempted sexual battery is a cognizable offense in Louisiana, and for that reason, the trial court did not err in denying the defendant’s motion to quash. State v. Trackling, 04-3222 (La.1/19/06), 921 So.2d 79. The Supreme Court reversed our prior decision overturning defendant’s conviction and sentence, and remanded the case for this court to consider the pretermitted assignments of error. For the reasons set forth below, we affirm.

STATEMENT OF THE FACTS

A complete recitation of the facts and procedural history can be found in our prior decision, State v. Trackling, 04-0759 (La.App. 4 Cir. 12/1/04), 888 So.2d 1169.
1 ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error, the appellant argues that, if the charge of attempted sexual battery is deemed valid, his conviction should be reversed for lack of sufficient evidence. His argument is not as to the particulars of the allegations, but rather that the victim’s testimony was not credible because it conflicted with other evidence.
The test for determining the sufficiency of evidence to support a conviction was set forth in State v. Armstead, 2002-1080, pp. 5-6 (La.App. 4 Cir. 11/6/02), 832 So.2d 389, 393, writ denied 2002-3017 (La.4/21/03), 841 So.2d 791:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State *63 v. Mussall, 523 So.2d 1305 [(]La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, 523 So.2d 1305; Green, 588 So.2d 757. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
A factfinder’s credibility decision should not be disturbed unless it is clearly contrary to the evidence. State v. Huckabay, 2000-1082 (La.App. 4 Cir 2/6/02), 809 So.2d 1093; State v. Harris, 99-3147 (La.App. 4 Cir. 5/31/00), 765 So.2d 432.
In the instant case, the victim testified to the actions of the defendant. Michelle Roberts corroborated that the victim was very upset when she approached her and told her about the attack. Although the appellant contends that there was no physical evidence to support the victim’s testimony, the lack of any does not contradict the victim’s account. She stated that the defendant grabbed her hands and placed his hand between her shorts and her underwear; she was then able to break free and run. The lack of bruises, scratches, or torn clothing does not contradict AD.’s account.[1] Further, A.D. testified that there was a box in front of the area where the defendant held her when he groped her. Michelle Roberts and C.D. corroborated the existence of the box, although the defense witnesses testified that there was no box. Although the photographs taken did not depict a box anywhere, the investigating officer testified that he failed to have the crime scene officer take a photograph of the area between the houses, and it was in this area that the victim said the box was located. Similarly, although there was evidence that the defendant has a speech impediment, both the victim and Officer O’Hern testified he was understandable. Notably, Henry Voss, a defense witness, testified that the defendant asked to borrow a shovel and also a dollar from him; apparently Mr. Voss had no trouble understanding the defendant’s requests. Thus, the victim’s testimony that she could understand the defendant was corroborated.
The jury was able to observe the demeanor of all witnesses and apparently found the victim credible. Contrary to the appellant’s argument, the victim’s testimony was not so suspect as to render it invalid. Viewing the evidence in theUlight most favorable to the prosecution, the jury could have easily found the appellant committed an attempted sexual battery on the victim.

ASSIGNMENT OF ERROR NUMBER 3

In his third and final assignment of error, the appellant contends that the trial court erred when it denied a motion for mistrial predicated on improper remarks made by the State during its closing argument.
The first basis for the defendant’s motion for mistrial arose from the prosecutor’s reference in closing argument to *64 evidence that the court had held inadmissible. During Detective O’Hern’s testimony, he was asked whether, in his “training and experience in sex crimes,” was A.D.’s appearance when he interviewed her “consistent with fact she told you of what happened?” Detective O’Hern responded affirmatively. The defense then objected, and the court sustained the objection. Defense counsel requested an admonishment, which the court gave to the jury. No request for mistrial was made. However, during closing argument, the prosecutor attempted to refer to this testimony stating:
We also heard information from Detective O’Hern that although her clothes weren’t necessarily disheveled or whatever, her testimony was consistent with the type of crime. We are not saying that there was a knockdown, drag-out fight on the street.... So there’s not necessarily going to be any blood or any scratching. And he said that in his years of experience her testimony, of what she said happened—
Defense counsel objected, noting “[t]hat was stricken from the record and she’s arguing it in close.” The court immediately admonished the jury,
Ladies and gentlemen, arguments are not to be considered as evidence in this case. What the lawyers tell you in closing argument | ¡js not to be considered as evidence in this case. This is their argument on the matter. You are to confine yourself to what you heard come from the witness stand during this trial.
In addition to the objection to the stricken testimony of Detective O’Hern, defense counsel objected during the State’s rebuttal to the comment that the victim had “been strong this whole time. She has been one of the best — ” The court responded to the defense objection by cautioning the State not to “personalize.” Later, after the jury had retired to deliberate, the defense moved for a mistrial noting both of the above portions of the State’s argument as the bases. The court denied the motion without comment.
The scope of closing argument “shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw there from, and to the law applicable to the case. The argument shall not appeal to prejudice. The state’s rebuttal shall be confined to answering the argument of the defendant.” La.C.Cr.P. art. 774. However, prosecutors have wide latitude in choosing closing argument tactics. State v. Casey, 99-0023, p. 17 (La.1/26/00), 775 So.2d 1022, 1036, citing State v. Martin, 539 So.2d 1235, 1240 (La.1989) (closing arguments that referred to “smoke screen” tactics and defense as “commie pinkos” inarticulate but not improper). Further, the trial judge has broad discretion in controlling the scope of closing arguments. Id. Even if the prosecutor exceeds the bounds of proper argument, a reviewing court will not reverse a conviction unless it is “thoroughly convinced” that the argument influenced the jury and contributed to the verdict. State v. Ricard, 98-2278, p. 4 (La.App. 4 Cir. 1/19/00), 751 So.2d 393, 397. Even where the prosecutor’s statements are improper, credit ^should be accorded to the good sense and fair-mindedness of the jurors who heard the evidence. State v. Williams, 708 So.2d 703 (La.1998); Ricard.
Neither remark of the prosecutor appears to be so egregious that a mistrial was warranted. The defense counsel successfully objected to the prosecutor’s comment about Detective O’Hern before the improper reference to the stricken testimony was completed. The trial court gave a thorough admonishment to the jury, reminding it not to consider as evidence *65 anything the parties said in closing argument.
As to the second comment, it was made during rebuttal, in response to defense counsel’s own comments:
All they got to say is, “Well believe her credibility because there would be no reason for her to come to court and lie.” And we all know that’s a fallacy. Sometimes you do things and you never know the implications of why when you do it, you know. To say well you’d be here in a courtroom a year later having to testify, that was a clue that never went through, probably, a teenager’s mind.
The prosecutor was merely countering the defense’s argument that the victim had lied for some unknown reason and then was unable to change her mind. As such, it was not improper rebuttal argument. This assignment of error lacks merit.

CONCLUSION

Accordingly, for the foregoing reasons, the defendant’s conviction and sentence are affirmed.

. To protect the identity of the minor victim and her mother, only their initials will be used.