EDWIN A. LOMBARD, Judge.
11 The defendant, Sylvester Tracking, contends that his life sentence as a multiple offender is constitutionally excessive. After review of the record in light of the applicable law and the arguments of the parties, we affirm the defendant’s sentence.

Relevant Facts and Procedural History

On October 22, 2003, the defendant was convicted by a 6-person jury of one count of attempted sexual battery, a violation of La.Rev.Stat. 14:43.1. The court ordered a presentence investigation report and, on January 9, 2004, sentenced the defendant to serve five years at hard labor without the benefit of probation, parole, or suspension of sentence. The court also ordered that the defendant register as a sex offender. On appeal, this Court reversed the defendant’s conviction, finding that the trial court erred when it denied the motion to quash because attempted sexual battery is not a valid crime. State v. Trackling, unpub., 2004-0759 (La.App. 4 Cir. 12/1/04, 888 So.2d 1169, 2004 WL 3095846). The Louisiana Supreme Court granted certio-rari, held that ^attempted sexual battery is a cognizable crime in Louisiana, reversed this Court’s ruling, and remanded the matter for consideration of the assignments of error which this Court had pre-termitted. State v. Trackling, 2004-3222 (La.1/19/06), 921 So.2d 79. On remand, this Court affirmed the defendant’s conviction and sentence. State v. Trackling, 2004-0759 (La.App. 4 Cir. 2/27/06), 930 So.2d 60. Although the State had filed a multiple bill of information at the time of the original sentencing on January 9, 2004, a hearing was not held prior to the lodging of the original appeal.[1] Subsequently, on March 14, 2006, the trial court conducted the multiple bill hearing, but did not rule at that time. On September 27, 2006, the court adjudicated the defendant as a fourth offender, vacated the original sentence of five years, and resentenced the defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence. This appeal from the sentencing as a multiple offender follows.

Discussion

In his sole assignment of error, the defendant alleges that his sentence of life imprisonment is constitutionally excessive. He concedes that a life sentence was mandatory under La. Rev.Stat. 15:529.1 because two of his three prior convictions and the instant offense are crimes of violence. He avers, nevertheless, that because of his speech defect and limited cognitive capabilities, this mandatory minimum sentence is constitutionally excessive.
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of ^proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also pre *1211 sumed to be constitutional. Johnson, 97-1906, pp. 5-6, 709 So.2d at 675. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must show by clear and convincing evidence that he is exceptional, which in this context means that because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343; Johnson, 97-1906, p. 8, 709 So.2d at 677. In 2001, the state legislature reduced many mandatory minimum sentences for habitual offenders with its enactment of Acts 2001, No. 403, § 4, eff. June 15, 2001.
The defendant in this case committed his offense after the effective date of the amendments reducing the mandatory minimum sentence for habitual offenders, but a life sentence was still the minimum that could be imposed on the defendant[2] under La.Rev.Stat. 15:529.1(A)(l)(b)(i)(ii) because the instant felony conviction and two of his prior felony convictions were crimes of violence as defined by La.Rev.Stat. 14:2(13).
In his brief before this court, the appellant claims that the mandatory sentence is excessive as to him because of his speech problems and limited intellectual functioning. At the sentencing hearing, however, no argument or ^evidence was presented by the defense to show that there were mitigating factors that overwhelmed the presumption that the legislatively-mandated sentence was appropriate. Furthermore, as to the alleged mitigating factors, it does not appear that they are sufficient to render the life sentence excessive. The written report prepared in conjunction with the defendant’s pretrial competency hearing reflects that the defendant said that he had attended school through the ninth grade, although because of his speech problems and “slow learning” he was in special education. Although there was a reference in the report to the defendant having “some cognitive limitations, most likely associated with borderline intellectual functioning,” he understood complex and abstract legal terms. As to the speech articulation problems, the report indicated that, with some repetition, the defendant could be understood and, moreover, was capable of writing down the items which he could not pronounce. Overall, the report generated for the competency hearing does not indicate that the defendant suffers from any problems that prevent him from avoiding criminal conduct.
In any event, the defendant’s criminal history cannot be explained by either his disability or his lack of intelligence. His crimes were not particularly economic or drug-related. Especially notable is that his 1996 conviction did not include a single offense, but rather involved guilty pleas to aggravated battery, sexual battery, and oral sexual battery. Furthermore, his crimes escalated from simple burglary, then to aggravated battery[2], and then to *1212 multiple forms of sexual batteries. While the record does not indicate whether the 1996 offenses involved a child as the instant one did, the record clearly establishes that the defendant is a | ¡^sexual predator whose victims include children and who has a propensity for violence. The defendant’s argument is without merit.

Conclusion

Accordingly, for the foregoing reasons, the defendant’s sentence and conviction is affirmed.
AFFIRMED.

. The trial court later refused to conduct the hearing because of this Court’s decision reversing the conviction.

. Moreover the 1990 case which resulted in the conviction for aggravated battery initially involved an additional charge of attempted aggravated rape. The defendant was convicted of the attempted rape, and this Court affirmed. State v. Trackling, 598 So.2d 615 (La.App. 4 Cir. 1992). The Louisiana Supreme Court reversed, finding that the evidence failed to establish that the defendant had the specific intent to commit anal or vaginal sexual intercourse. While the evidence did establish the crime of attempted aggravated crime against nature, that offense was not a lesser included offense which was statutorily responsive and thus could not be substituted. State v. Trackling, 609 So.2d 206, 208 (La.1992). The 1990 case did not involve a minor victim.