PONDER, Justice.
 

 The defendant was convicted under an indictment charging him with an attempt to commit the crime of simple kidnapping and sentenced to serve fifteen months in the penitentiary. He has appealed from the conviction and sentence.
 

 The defendant is urging on this appeal forty bills of exceptions taken by his counsel to the rulings of the trial judge during the course of the trial. A serious bill of exception urged by him was taken to the refusal of the trial judge to instruct the jury that a verdict of simple assault would be responsive to the offense charged in the indictment.
 

 The pertinent provisions of our law dealing with responsive verdicts are as follows:
 

 “Whenever the indictment sets out an offense including other offenses of less
 
 *615
 
 magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide.” Article 386, Code of Criminal Procedure.
 

 “The verdict must be responsive to the indictment, that is to say, no one can be found guilty of an offense not charged in the indictment or not necessarily included in the offense charged; and no verdict can be of any effect if found upon an indictment so defective as to charge no crime.” Article 405, Code of Criminal Procedure.
 

 “When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater- offense is a felony and the lesser a misdemeanor.” Article 406, Code of Criminal Procedure.
 

 “An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses.” Article V of the Criminal Code, Act 43 of 1942.
 

 The defendant was charged in the indictment with “attempt to commit the crime of simple kidnapping, as defined and denounced by Art-icle 27 and Article 45, Section' 1 of the Louisiana Criminal Code, in that he did wilfully and feloniously attempt to intentionally and forcibly seize and carry away the person of one - from one place to another without her consent.” The indictment follows the language of Section 1 of Article 45 of the Criminal Code. This article of the Criminal Code sets forth in the disjunctive three distinct ways that the offense of simple kidnapping may be committed and the defendant is charged with attempting to commit the one set forth in Section 1 of that article.
 

 A battery is defined as “the intentional-use of force or violence upon the person of another; or * * .” Article 33, Louisiana Criminal Code. An assault is defined as an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery. Article 36, Louisiana Criminal Code. Assault is sub-divided into aggravated and simple assault, depending upon whether or not a dangerous weapon was used in committing the offense. Under the provisions of Article 27 of the Criminal Code an attempt to commit any crime is made an offense. There can be no attempt to commit an assault because such an offense is in the nature of an attempt to commit a battery.
 

 The crime charged in the indictment is an attempt to
 
 intentionally and forcibly
 
 seize and carry the person from one place to another without her consent. An assault is an attempt to commit a battery or
 
 *617
 
 in other words an attempt to
 
 intentionally use force
 
 or
 
 violence
 
 upon the person of another. An attempt to intentionally and forcibly seize and carry a person includes all the elements of an assault which is an attempt to intentionally use force or violence upon the person. The offense charged includes all the elements of the lesser offense of simple assault and a verdict of simple assault would be responsive. It is not necessary for the lesser offense to contain all the elements of the greater offense because in such event it would constitute but one or the same offense. The greater offense necessarily contains additional elements and all that is required is that the greater offense must include all the elements of the lesser offense in order to make a verdict of the lesser offense responsive. As we take it, the reason underlying this rule of law is to meet the constitutional requirement of informing an accused of the nature and cause of the accusation. A person informed of an attempt to forcibly seize and carry a person from one place to another is fully informed that he has attempted to intentionally use force or violence upon that person. We are of the opinion that a verdict of simple assault is responsive to the crime charged and that the trial judge erred when he refused to instruct the jury to that effect.
 

 Since we have arrived at the conclusion that the verdict and sentence must be set aside because of the failure of the trial judge to instruct the jury that the verdict of simple assault would be responsive to the offense charged in the indictment, it is not necessary to pass on the other bills of exceptions.
 

 For the reasons assigned, the conviction and sentence are set aside.
 

 HAWTHORNE and McCALEB, JJ., dissent.