921 So.2d 79 (2006)
STATE of Louisiana
v.
Sylvester TRACKLING.[1]
No. 2004-K-3222.
Supreme Court of Louisiana.
January 19, 2006.
Charles C. Foti, Jr., Attorney General, Eddie J. Jordan, Jr., District Attorney, Claire Adriana White, Richard James Richthofen, Jr., Donna R. Andrieu, Assistant District Attorneys, for applicant.
Mary Constance Haynes, Donald Anthony Sauviac, Jr., for respondent.
WEIMER. J.
We granted certiorari to review the court of appeal's determination that attempted sexual battery is not a crime punishable under the laws of the state of Louisiana and that the trial court erred in denying defendant's pre-trial motion to quash the bill of information charging him with that offense. After considering the relevant statutory law and jurisprudence, we hold that attempted sexual battery is a cognizable offense in Louisiana and, for that reason, the trial court did not err in denying defendant's motion to quash. Accordingly, we reverse the decision of the court of appeal overturning defendant's *80 conviction and sentence and remand this case to the court of appeal for consideration of the pretermitted assignments of error.

FACTS AND PROCEDURAL HISTORY
On May 20, 2002, the twelve-year-old victim left her home on Mandeville Street in New Orleans, Louisiana, to run an errand for her mother. As she proceeded down Claiborne Avenue, she was approached by an adult male who began asking her questions. The man sat her down on some nearby steps. After talking to her for a brief period, asking her how old she was and whether she needed anything, the man reached over and grabbed her hands with one of his hands. He then placed his free hand under her shorts and rubbed her vagina twice, but did not reach inside her underwear. When the man released one of her hands, the victim broke free and ran down the street. She encountered an adult friend of her mother who accompanied her home where she related the event to her mother. The victim's mother alerted the police. On the basis of the victim's description, the defendant was located and detained by police. The victim subsequently identified the defendant as the perpetrator.
On July 22, 2002, defendant was charged by bill of information with one count of attempted sexual battery, a violation of LSA-R.S. 14:27(43.1),[2] and one count of sexual battery, a violation of LSA-R.S. 14:43.1. He was arraigned and entered a plea of not guilty. Hearings were conducted on various pre-trial motions filed by defendant, all of which were denied.
On March 20, 2003, the State amended count two of the bill of information (the count at issue in this case), changing it to reflect a charge of attempted sexual battery. Defendant entered a plea of not guilty to the amended bill. On August 26, 2003, the trial court denied a defense motion to quash the prosecution on grounds that the offense charged, attempted sexual battery, is not a valid crime in Louisiana.
The matter was set for trial on October 22, 2003. Prior to trial, the defendant reurged the motion to quash. Following argument on the issue, the trial court denied the motion. Trial commenced, at the close of which a six-member jury returned a verdict of guilty as charged. On January 9, 2004, the defendant was sentenced to serve five years at hard labor without benefit of probation, parole or suspension of sentence. He was ordered to register as a sex offender.
Following the trial court's denial of a motion to reconsider sentence, defendant filed a motion for appeal. The State filed a multiple bill charging defendant as a fourth felony offender; however, the hearing on the multiple bill had not been held as of the time the record was lodged in the court of appeal.
On December 1, 2004, the Court of Appeal, Fourth Circuit handed down its opinion in this matter, reversing defendant's conviction and sentence. The court of appeal held that the trial court erred when it denied defendant's motion to quash because the charged offense, attempted sexual battery, is not a valid crime in Louisiana. State v. Trackling, 04-0759 (La.App. 4 Cir. 12/1/04), 888 So.2d 1169 (unpublished).
The State filed an application for writs in this court. We granted certiorari to address the State's contention that the court of appeal erred in reversing defendant's *81 conviction and sentence on grounds that attempted sexual battery is not a valid, independent crime. State v. Trackling, 04-3222 (La.4/22/05), 899 So.2d 559.

DISCUSSION
The sole issue presented for our review is whether the charged offense, attempted sexual battery, is a valid crime in Louisiana.
For purposes of the present case, LSA-R.S. 14:43.1 defines sexual battery as:
the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender.
LSA-R.S. 14:27(A) defines an attempt:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
By definition "[a]n attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt." LSA-R.S. 14:27(C).
In the instant case, the court of appeal examined the language of LSA-R.S. 14:43.1 and determined that the statute defines sexual battery "simply as a battery of a specific portion of the victim's body." Trackling, 04-0759 at 13. Noting that LSA-R.S. 14:36 defines assault as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery," the court reasoned that an attempt to touch "a specific portion of the victim's body" intentionally (i.e., to commit a sexual battery) would, by definition, constitute an assault, and that, as a result, the crime charged, attempted sexual battery, is not a valid offense.
In reaching this conclusion, the court of appeal relied on two previous decisions of this court. In State v. Mayeux, 498 So.2d 701 (La.1986), the defendant was charged with two counts of aggravated battery, a violation of LSA-R.S. 14:34. At the request of defense counsel, the jury was instructed that a responsive verdict of guilty of attempted aggravated battery could be returned. The jury returned a verdict of guilty of attempted aggravated battery on both counts. The State did not object to the verdicts. On appeal, the Court of Appeal, Third Circuit found the verdict of attempted aggravated battery was invalid because it was not one of the responsive verdicts for aggravated battery listed in LSA-C.Cr.P. art. 814(A)(14). The court additionally found that the verdict indicated the State had failed to prove the essential elements of the aggravated batteries, reversed the convictions and sentences, and entered judgments of acquittal. The State sought review in this court, which ultimately held that the jury verdict, in addition to being unresponsive to the crime charged, purported to convict the defendant of an offense not specifically designated as a crime in Louisiana. This court went on to find that the verdict was "wholly invalid," amounted to conviction of *82 a "non-crime," and therefore could operate neither as a conviction nor an acquittal for purposes of double jeopardy. Mayeux, 498 So.2d at 703-705.[3]
More recently, in State v. Johnson, XXXX-XXXX (La.5/31/02), 823 So.2d 917, this court relied on Mayeux in considering the possible responsive verdicts to LSA-R.S. 14:34.2(B)(2), battery on a police officer while the offender is in the custody of a correctional facility. Ultimately concluding that the valid responsive verdicts were (1) guilty as charged; (2) guilty of battery on a police officer (misdemeanor grade); (3) guilty of simple battery; and (4) not guilty, we reasoned:
The court of appeal correctly found in the present case that simple battery, defined in La. R.S. 14:35 as the use of force against the person of another, is a lesser and included offense of simple battery on a police officer. The court thought that an additional responsive verdict of simple battery on a police officer, when the offender is not under confinement in a correctional facility, was a "misnomer" because only one crime "is defined in the statute, though it is listed in a misdemeanor and a felony grade." [State v.] Johnson, 33,791 at 8 [(La.App. 2 Cir., 10/20/00)], 771 So.2d [798,] at 804. However, different grades of the same offense may be listed as separate responsive verdicts. See, e.g., La.C.Cr.P. art. 814(26) (theft); La. C.Cr.P. art. 814(A)(36) (aggravated criminal damage to property). Although simple battery of a police officer, when the offender is not confined in a correctional facility, and simple battery, are both six-month misdemeanor offenses, the former is a more severely punishable offense, as the offender must serve at least 15 days in jail and any term imposed must run without benefit of suspension of sentence. La. R.S. 14:34.2(B)(1). The offense of simple battery is therefore a lesser included offense of simple battery of a police officer, and both crimes comprise subset elements of the charged crime when it occurs within a correctional facility.
On the other hand, simple battery of a police officer producing injury that requires medical attention was not a proper responsive verdict to the charged offense in the present case because evidence sufficient to support conviction for the latter crime is not necessarily sufficient to support conviction for the former. In addition, despite the broad language of La. R.S. 14:27(C) that attempt "is a separate but lesser grade of the intended crime," attempted battery is not a proper responsive verdict to a charged offense of battery because it is not a separate offense in Louisiana. State v. Mayeux, 498 So.2d 701, 703 (La.1986). [Emphasis added.]
Johnson, XXXX-XXXX at 4-5, 823 So.2d at 921.
Drawing upon Johnson and Mayeux, the court of appeal in the instant case concluded that "there can be no legal conviction for a charge of `attempted' battery, even when that battery has specific additional elements," thereby "foreclos[ing] a prosecution for violating La. R.S. 14:27 (43.1)." Trackling, 04-0759 at 15. Because it found that defendant had not been charged with a "valid crime," the court of appeal held that the trial court erred when it denied the motion to quash, and reversed *83 defendant's conviction and sentence. Id.
In this court, the State takes issue with the conclusion of the court of appeal, arguing that it erroneously relied on case law dealing with responsive verdicts (i.e., Johnson and Mayeux) to determine whether the defendant was, in the first instance, charged with and convicted of a valid offense. In addition, the State asserts that the court of appeal's characterization of the crime of sexual battery "simply as a battery of a specific portion of the victim's body," Trackling, 04-0759 at 13, is an incomplete description of the offense that fails to take into account the sexual component that is the gravamen of the crime and that renders the proscribed conduct more egregious than a simple battery. The State's arguments in this regard are well taken.
In State v. Schenck, 513 So.2d 1159 (La. 1987), this court examined LSA-R.S. 14:43.1 in the context of a sufficiency of the evidence challenge to the defendant's conviction of sexual battery. After examining the history and language of the statute, we noted that sexual battery is a responsive verdict under LSA-C.Cr.P. art. 814(A)(8), (10), and (12) where aggravated rape, forcible rape or simple rape is charged, "evidencing a legislative scheme that envisions sexual battery as encompassing conduct falling short of actual rape but which is sexually intrusive and more egregious than a simple battery." Schenck, 513 So.2d at 1162. Reviewing the facts of the case, we found that the evidence was not sufficient to support a conviction for sexual battery because there was no evidence to show that the victim had been compelled to submit to the sexual touching by being placed in fear of receiving bodily harm, an element of the offense at the time. We then considered what lesser offenses, if any, the defendant had committed, ultimately concluding that the defendant was guilty of a simple battery. In the process, we declined to reduce the sexual battery conviction to a conviction for attempted sexual battery. However, we did so, not because we found the existence of such a crime problematic, but because we found the evidence insufficient to support a conviction for either the completed or attempted offense. Schenck, 513 So.2d at 1164 ("There is no evidence to support a conclusion that the defendant here intended to engage in a sexual act by compelling the victim to submit by placing her in fear of receiving bodily harm, nor that he intended anything more than what in fact he accomplished.").
Relying on Schenck, in State v. Ponsell, 33,543, pp. 7-8 (La.App. 2 Cir. 8/23/00), 766 So.2d 678, 683-684, the Court of Appeal, Second Circuit rejected the defendant's contention that attempted sexual battery is a non-existent crime under the laws of Louisiana and found that a 1991 conviction for attempted sexual battery was a responsive verdict and hence a crime recognized under Louisiana law that could be used to enhance the defendant's sentence under the habitual offender statute. The court determined that attempted sexual battery is a lesser included grade of the crime of sexual battery and that all of the elements of attempted sexual battery are elements in sexual battery.
In the instant case, the court of appeal acknowledged the decisions in Schenck and Ponsell, but ultimately dismissed them, finding that the statute under consideration in Schenck was subsequently amended to delete the compulsion element,[4] *84 thereby reducing the offense to no more than a battery of a specific portion of the victim's body. Although the crime of sexual battery no longer includes the element of compulsion that it did at the time Schenck was decided, that change does not, as the court of appeal opined, render the offense simply a "battery of a specific portion of the victim's body;" nor does the change undermine this court's characterization of the crime as conduct "falling short of actual rape but which is sexually intrusive and more egregious than a simple battery." Schenck, 513 So.2d at 1162.
To the contrary, although the offense of sexual battery does not require a specific intent to arouse or gratify the sexual desire of either the defendant or the victim, the intentional and non-consensual touching of the specified body parts unquestionably establishes a sexual component to the crime not necessarily addressed by an offense (such as simple battery) defined in terms of intentional use of force against the person of another. In fact, while commission of the offense may require no more than a battery to a specific portion of the victim's body, the possible punishments are far more severe, precisely because of the sexual nature of the offense. See and compare, LSA-14:43.1 (imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years) and LSA-R.S. 14:35 (fine of not more than five hundred dollars, or imprisonment for not more than six months, or both).
Further, sexual battery and simple battery occupy different subparts of Part II, Crimes against the Person, in the Criminal Code. The offense of simple battery is located in Subpart B (Assault and Battery) while sexual battery is found in Subpart C (Aggravated Rape and Sexual Battery). The difference is reflected in the responsive verdicts for aggravated rape provided by LSA-C.Cr.P. art. 814(8). Sexual battery is responsive; simple battery is not, although it is a lesser included offense. This disparate treatment reflects a legislative scheme that characterizes sexual battery, as we recognized in Schenck, as a crime "falling short of actual rape but which is sexually intrusive and more egregious than a simple battery." Schenck, 513 So.2d at 1162. Statutorily, sexual battery is an offense more akin to rape than simple battery.
Recognizing the substantive differences between the offenses and the conduct they proscribe, we note that unlike simple battery, which has a companion offense for cases in which an attempt to commit the crime has occurred (LSA-R.S. 14:38, simple assault[5]), sexual battery has no companion for cases in which the defendant's effort to touch the victim's anus or genitals is ultimately frustrated. The fact that aggravated assault (LSA-R.S.14:37) and simple assault (LSA-R.S.14:38) are both designated as offenses in Louisiana lends support to the conclusions in Mayeux and Johnson that attempted aggravated battery and attempted simple battery are not separate, cognizable offenses. As regards the crimes of aggravated battery and simple battery, separate statutes criminalize the attempt. However, there is no statutory provision proscribing sexual assault. As a result, it appears that there is no *85 logical or legal impediment to charging a defendant with attempted sexual battery.[6]
Attempted sexual battery is a cognizable offense in the same way that attempted first degree murder and second degree murder are cognizable offenses; not because the legislature has specifically denominated the crimes, but because the definitions of the completed offenses in LSA-R.S. 14:30 and 14:30.1 coalesce with the general attempt statute, LSA-R.S. 14:27, to produce that result.
All crimes in Louisiana are statutory. There can be no crime which is not defined and denounced by statute. In this instance, sexual battery is a crime denounced and defined by statute, LSA-R.S. 14:43.1. Another statute, LSA-R.S. 14:27, makes an attempt to commit a crime an offense. These two provisions coalesce, with the result that the offense charged, attempted sexual battery, is a crime denounced and defined to be such under the statutory laws of this state.
The court of appeal erred in concluding that attempted sexual battery, LSA-R.S. 14:27(43.1), is not a valid, cognizable crime in Louisiana.

CONCLUSION
For the reasons assigned, the decision of the court of appeal is reversed. This matter is remanded to the court of appeal for consideration of the defendant's remaining assignments of error.
REVERSED AND REMANDED TO THE COURT OF APPEAL.
NOTES
[1] Retired Judge Phillip C. Ciaccio, sitting ad hoc for Justice Catherine D. Kimball, not on panel.
[2] The first count pertained to a different incident involving a different victim. The two counts were eventually severed for trial, and on August 27, 2003, defendant was acquitted of the first count. As a result, this count is not relevant to the present proceeding.
[3] For the sake of completeness, we note Mayeux was subsequently retried and his conviction was affirmed. See State v. Mayeux, 526 So.2d 1243 (La.App. 3 Cir.), writ denied 531 So.2d 262 (1988). However, he was granted federal habeas corpus relief. Mayeux v. Belt, 737 F.Supp. 957, 961 (W.D.La.1990).
[4] At the time Schenck was decided, LSA-R.S. 14:43.1 proscribed the intentional touching of the anus or genitals of either the victim or the offender where the victim was not the spouse of the offender and where the offender compelled the victim to submit to such touching by placing the victim in fear of receiving bodily harm. The statute was amended by 1991 La. Acts No. 654 to delete the compulsion language, substituting the present lack of consent language in its stead.
[5] As stated in State v. Nazar, 96-0175, p. 2 (La.App. 4 Cir., 5/22/96), 675 So.2d 780, 781, there is no such crime as attempted simple battery in Louisiana. "An attempted simple battery is a simple assault."
[6] While not dispositive of the issue, we note that appellate courts in Louisiana have repeatedly referenced the offense without questioning its validity as a crime in Louisiana. See, State v. Peloquin, 04-667 (La.App. 3 Cir. 11/17/04), 888 So.2d 393, writ denied, 04-3170 (La.4/8/05), 898 So.2d 1280 (affirming defendant's conviction of attempted sexual battery); State v. Bertrand, 03-2069 (La.App. 4 Cir. 4/28/04), 874 So.2d 905 (affirming defendant's conviction of attempted sexual battery but remanding for re-sentencing); State v. Howard, 37,603 (La.App. 2 Cir. 10/31/03), 859 So.2d 936 (using prior conviction of attempted sexual battery as a predicate offense for sentencing as a multiple offender); State v. Barling, XXXX-XXXX, XXXX-XXXX (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, writ denied, 01-0838 (La.2/1/02), 808 So.2d 331 (affirming defendant's conviction of attempted sexual battery); State v. Wilson, 561 So.2d 889 (La. App. 2 Cir.1990) (affirming defendant's sentence upon pleading guilty to attempted sexual battery); State v. Grimes, 527 So.2d 1079 (La.App. 1 Cir.1988), writ denied, 533 So.2d 15 (La.1988) (affirming defendant's sentence upon pleading guilty to attempted sexual battery); State v. Anderson, 526 So.2d 499 (La. App. 1 Cir.1988), writ denied, 537 So.2d 1160 (1989) (affirming defendant's conviction of attempted sexual battery).