Judge Roland L. Belsome
The defendant, Michael Baugh, was charged by bill of information with one count of battery of a police officer with injury that requires medical attention, in violation of La. R.S. 14:34.2(B)(3), and one *313 count of first offense possession of marijuana, in violation of La. R.S. 40:966(E)(1). The matter proceeded to jury trial for the battery charge in July of 2017. The bench trial for Defendant's marijuana charge ran concurrently with the jury trial. On July 12, 2017, the jury returned with the responsive verdict of simple assault.[1]
Thereafter, the defendant filed a motion for post-verdict judgment of acquittal and motion for new trial. On December 1, 2017, the trial court granted the defendant's motion for post-verdict judgment of acquittal, finding that the evidence adduced at trial was not sufficient to support the verdict of simple assault and vacated the verdict.[2] The State appealed.
Discussion
In this case, the defendant was charged with battery of a police officer with injury that requires medical attention, and the jury returned a verdict of simple assault.[3] Returning a verdict of a lesser crime is well within the jury's authority if that lesser crime is deemed a responsive verdict. However, recent Supreme Court jurisprudence suggests that the jury's return of an unauthorized responsive verdict, even in the absence of an objection, constitutes an error patent, which is tantamount to an acquittal. State v. Price , 2017-0520 (La. 6/27/18), 250 So.3d 230 (finding that the verdicts of guilty of simple kidnapping, which were not responsive to charges of second-degree kidnapping, constituted implicit acquittal on charges for second-degree kidnapping, thus warranting reversal of convictions and post-verdict judgment of acquittal on charges); State v. Campbell, 95-1409, p. 3 (La. 3/22/96), 670 So.2d 1212, 1213 ("Relators acquiesced in the list of responsive verdicts given jurors by the trial judge but the return of the unresponsive verdicts of attempted jury tampering constitutes an error patent on the face of the record and requires reversal of relators' convictions."); State v. Mayeux, 498 So.2d 701, 702 (La. 1986) ("non-responsive verdict [is] error patent on the face of the record and therefore reviewable on appeal despite the absence of an objection during trial."); State v. Jones , 2013-1118, p. 6 (La. App. 4 Cir. 1/30/14), 156 So.3d 126, 129 ("a non-responsive verdict is a patent error which does not require a contemporaneous objection," citing La. C.Cr.P. art. 920(2) ).
In accordance with the jurisprudence, this Court must determine if simple assault was a responsive verdict to battery of a police officer with injury that requires medical attention. La. C.Cr.P. art. 814 provides the particular responsive verdicts for charged offenses. The offense charged in this case does not appear in the statute.[4] Thus, this Court applies the precepts of La. C.Cr.P. art. 815.[5]
La. C.Cr.P. art. 815 requires that simple assault be a lesser and included offense of battery of a police officer with *314 injury before a verdict of guilty of the former can be responsive to a charge of the latter. Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged.[6] Battery "is a crime of general intent, meaning that the State need only prove the offender must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act."[7] However, an attempted battery, one of the definitions of assault, requires specific intent.[8] That being the case, the lesser offense of assault possesses an element (specific intent) that the greater offense (battery of a police officer) does not. The other way to commit an assault also contains an element (the intentional placing of another in reasonable apprehension of receiving a battery) that the underlying crime of battery does not. Considering those factors, assault would not constitute a valid responsive verdict.
Further, in State v. Johnson , the Louisiana Supreme Court considered the possible responsive verdicts to a similar crime, battery of a police officer while the offender is the custody of a correctional facility[9] , and found that valid verdicts in prosecution were:
(1) Guilty as charged (battery on a police officer when the offender is in the custody of a correctional facility) (felony grade);
(2) Guilty of battery on a police officer (misdemeanor grade);
(3) Guilty of simple battery (misdemeanor)
(4) Not guilty.[10]
The Johnson Court did not include simple assault as a responsive verdict.
This Court finds that the verdict returned by the jury was nonresponsive to the charged offense. As such, the verdict amounted to an acquittal of the crime charged. Although this Court's reasons differ from that of the trial court, the trial court's post-verdict judgment of acquittal is affirmed.
AFFIRMED
LOBRANO, J., DISSENTS AND ASSIGNS REASONS
LOBRANO, J., DISSENTS AND ASSIGNS REASONS.
I respectively dissent from the majority opinion for two reasons. First, I find that the district court erred when it granted the motion for post-verdict judgment of acquittal filed by the defendant, Michael Baugh ("Defendant"). I would reverse the district court and reinstate the jury's verdict of simple assault. Second, I find that simple assault is a lesser and included offense of a felony battery on a police officer and that the majority erred by concluding otherwise.
PROCEDURAL HISTORY AND SUMMARY OF FACTS
On September 18, 2015, at approximately 11:30 p.m., Louisiana State Troopers Eric Thaxton and Charles Robertson were responding to a dispatch from the New Orleans Police Department ("NOPD"). The *315 dispatch alerted them to be on the lookout on Canal Street toward the river for a "black pickup truck, partial license plate number B690 playing loud music and waving a 95G [handgun] out the vehicle window" with one of the occupants wearing a black t-shirt.
The troopers approached Defendant's dark grey pickup truck that was parked on South Rampart Street. The truck had darkly tinted windows and no visible license plate. A strong smell of marijuana was coming from the truck. Defendant was the sole occupant and was wearing a black t-shirt; the license plate number was C099909. After being ordered out of his truck, an altercation occurred, leaving Robertson on the ground with a fractured tibial plateau, the upper end of the shinbone, and Defendant being tased. Both required medical attention. A search of Defendant's truck found a small bottle containing about 6 grams of marijuana.
Defendant was charged by bill of information with one count of a felony battery of a police officer with injury that required medical attention and one count of first offense possession of marijuana, violations of La. R.S. 14:34.2 (B)(3)[1] and La. R.S. 40:966 (E)[2] respectively. He was also issued traffic citations for a fake inspection sticker, illegal window tint, and improper display of a license plate.
The case went to trial. At the end of testimony, the district court charged the jury using Cheney C. Joseph and P. Raymond Lamonica, 17 La. Civ. L. Treatise, Criminal Jury Instructions , § 10:28 (3d ed.) ("Treatise").[3] The district court read the responsive verdicts to the felony battery of a police officer as set forth in Treatise § 10:28 : (1) guilty as charged; (2) guilty of battery of a police officer; (3) guilty of simple battery; (4) guilty of simple assault; and (5) not guilty. Neither the State nor the defense lodged an objection to the jury charges or filed an emergency writ.
During deliberations, the jury asked the district court for a definition of simple assault. It responded:
*316 Simple Assault. Assault is an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery.
The jury returned a guilty verdict of simple assault, a violation of La. R.S. 14:38.
Defendant filed motions for new trial and post-verdict judgment of acquittal. The district court granted the motion stating:
At this time the Court is going to grant the defendant's post-verdict judgment of acquittal under Louisiana Code of Criminal Procedure Article 821, on count I, Simple Assault, as the evidence educed at trial, in this Court's opinion, was not sufficient to support the offense charged or to support the verdict the jury returned.
Under the Louisiana Code of Criminal Procedure Article 821, this Court finds that the evidence viewed in light most favorable to the State does not reasonably permit a finding of guilty. The jury in this case rejected the State's "as charged" count I, Battery of a Police Officer with injury, and the jury came back with the lesser responsive verdict of Simple Assault.
This Court, again, finds that after exhaustively reviewing and analyzing both the testimony that was educed at trial, and viewing the evidence that was submitted in terms of photographs and live mobile cams, the body cams that were educed at trial, and that this Court finds that the jury's lesser responsive verdict is not supported by this evidence and therefore this Court vacates the jury's verdict as to count I and grants the defendant's post-verdict motion for a judgment of acquittal.
TRIAL TESTIMONY
The trial took place over two days and the following four witnesses testified: Troopers Thaxton and Robertson; Robertson's treating physician; and Defendant.
The troopers confirmed that they received the dispatch about a vehicle heading towards the river. When they got to Elk and Rampart Street, they saw a dark-colored pickup truck parked next to the curb. The troopers made a U-turn and parked behind the pickup.
At that point, the troopers did not know if this was the vehicle for which they were looking. They noticed, however, that the vehicle did not have a visible license plate and all the windows were darkly tinted. Thaxton walked to the driver's side window and asked Defendant to exit his vehicle. As he did, Thaxton testified that he could detect a very strong odor of marijuana coming out of the vehicle.
Thaxton explained to Defendant why he had asked him to exit the truck. Thaxton then asked for identification ("ID"). Defendant stated that he had just closed his barbershop and thought his ID was in the shop. Thaxton asked him to look through his wallet first. As Defendant flipped through the wallet's content, Thaxton stated that he saw the ID. He testified that Defendant "glared" at him, returned his wallet to his pocket, and attempted to run.
Robertson initially approached the vehicle with his weapon. After determining that the weapon was unnecessary, he returned it to the police vehicle and came back, positioning himself behind Defendant. Robertson was concerned about Defendant's demeanor and refusal to identify himself. As Defendant turned to run, Robertson grabbed his right wrist. Defendant immediately started "violently jerking backwards." Robertson stated that Defendant threw an "uncoordinated, left jab, or punch." Robertson testified that he avoided the punch but that Defendant's fingernail cut him along the jawline. Thaxton *317 confirmed that Defendant threw some type of "action" towards Robertson. After Defendant failed to obey verbal commands to stop running, Thaxton used his Taser. Thaxton heard Robertson yell that Defendant had kicked him.
Defendant testified on his own behalf. He was sitting in his truck parked at his place of business. Defendant saw a police car going in the opposite direction at a fast speed. One of the troopers shined a flashlight into his driver's window. He saw another person on the passenger's side holding a weapon. He was scared. Defendant heard a voice telling him to get out of the car. Defendant shut off his vehicle with his keys, money, and cell phone in his hand when he exited. Thaxton asked him for ID. Defendant testified that Thaxton was acting in a hostile manner and again asked for his ID. Defendant could not immediately locate it. He did not see Robertson and was not thinking about the other officer during his exchange with Thaxton. He looked again and found his ID in his wallet. Before he could remove it, Defendant felt someone behind him grab his right wrist. He did not know who it was. He jerked away, waved his hands up, and backed away. At that moment, both troopers tried to grab his clothes to pull him onto the ground.
Defendant denied hitting or kicking Robertson. He saw Robertson slip and hit his knee on the curb. At that moment, he saw Thaxton reach into his holster. Defendant did not know if he was reaching for a gun or Taser so he ran. As Defendant ran, he was tased in his buttocks and fell. He got up and kept running. He took a few more steps when he was tased a second time. Thaxton then handcuffed him. Defendant did not know why he was under arrest. After he was placed in the police car, he asked what he was being charged with and was told for kicking a Louisiana State Trooper.
Defendant and Robertson were taken to the hospital to treat their respective injuries. Defendant sustained injuries to his face and head and had abrasions down his back and to his face and hands. Robertson suffered a fractured tibial plateau.
Robertson's treating orthopedic surgeon, Jason Rudd, M.D., testified that he examined Robertson's fractured tibial plateau. Dr. Rudd stated that the injury was consistent with a kick. He denied that the injury could have been caused by Robertson falling onto the ground and hitting his knee on a curb.
DISCUSSION
Post-Verdict Judgment of Acquittal
The State charged Defendant with battery of a police officer requiring medical attention, a felony. The jury convicted Defendant of the lesser and included responsive verdict of simple assault, a misdemeanor. Thus, the State presents one issue for consideration: whether the district court
erred in granting defendant's motion for post-verdict judgment of acquittal. When viewed in the light most favorable to the State, the testimony at trial reasonably permits a jury to find that the defendant attempted to commit a battery on Trooper Robertson.
After reviewing the record on appeal and applicable law, I find ample evidence exists to support the jury's verdict of simple assault.[4] Thus, the district court erred when it granted Defendant's motion.
*318 A post-verdict judgment of acquittal "shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty." La. C.Cr.P. art. 821(B). This standard is similar to the standard for appellate review of the sufficiency of evidence to support a defendant's conviction: the court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Williams , 04-1377, pp. 7-8 (La.App. 4 Cir. 12/1/04), 891 So.2d 26, 30. Thus, a motion for post-verdict judgment of acquittal raises the question of sufficiency of the evidence. State v. Thibodeaux, 98-1673, p. 12 (La. 9/8/99), 750 So.2d 916, 926 ; State v. Simmons , 07-0741, p. 15 (La.App. 4 Cir. 4/16/08), 983 So.2d 200, 209.
This court, in State v. Haynes, 13-0323, pp. 7-8 (La.App. 4 Cir. 5/7/14), 144 So.3d 1083, 1087-88, set out the well-settled standard for reviewing convictions for sufficiency of the evidence:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the Defendant guilty beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; State v. Green , 588 So.2d 757 (La.App. 4 Cir. 1991)..... If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. [State v.] Mussall , 523 So.2d [1305] at 1310 [ (La.1988) ]. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith , 600 So.2d 1319, 1324 (La. 1992).
* * *
"A factfinder's credibility decision should not be disturbed unless it is clearly contrary to the evidence." State v. McMillian, 2010-0812, p. 6 (La.App. 4 Cir. 5/18/11), 65 So.3d 801, 805.
When conflicting testimony exists about factual matters, "the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency." State v. Materre, 09-1666, p. 11 (La.App. 4 Cir. 12/8/10), 53 So.3d 615, 622 *319 (citing State v. Allen, 36,180 (La.App. 2 Cir. 9/18/02), 828 So.2d 622 ). Neither appellate nor district courts may assess witnesses' credibility or reweigh evidence when reviewing a motion for post-verdict judgment of acquittal. State v. Sparkman, 08-0472, p. 6 (La.App. 4 Cir. 1/28/09), 5 So.3d 891, 895. See also State v. Simmons, 07-0741, p. 17 (La.App. 4 Cir. 4/16/08), 983 So.2d 200, 210 ("The trial court erred as matter of law in evaluating the credibility of [the witnesses] on this issue, [of whether a statement was made or not] and in granting defendant's motion for post-verdict judgment of acquittal, in part, on this ground.").
"Simple assault is an assault committed without a dangerous weapon." La. R.S. 14:38. An assault is defined as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." La. R.S. 14:36. The first theory of culpability for assault, "an attempt to commit a battery," requires specific intent, whereas the alternative theory of assault, "intentional placing of another in reasonable apprehension of receiving a battery," requires general intent.[5] La. R.S. 14:10 (1) defines "specific criminal intent" as "the state of mind which exists when circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:33 defines a battery as "the intentional use of force or violence upon the person of another."
An attempt is defined as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
* * *
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
La. R.S. 14:27 (A) & (C).
In the case sub judice , the district court granted Defendant's motion for post-verdict judgment of acquittal, finding that the evidence at trial "was not sufficient to support the offense charged or to support the verdict the jury returned." Thus, the district court opined that the evidence failed to prove that Defendant had specific intent to commit a battery on Robertson, which is necessary to render verdicts of a battery and the attempted-battery definition of assault. The district court judge noted that "the jury in this case rejected the State's 'as charged' count I." I find that the district court erred because the Defendant's motion post-verdict judgment *320 of acquittal focused on the credibility of the troopers and Defendant, an inappropriate consideration for the district court. See Simmons, 07-0741, p. 16, 983 So.2d at 209.
I find that, in viewing the evidence in a light most favorable to the State, a rational juror could have found that Defendant attempted and intended to punch and kick Robertson or that Defendant actually completed the act by hitting or kicking him. This was a credibility determination, which was properly made by the jury and should not be disturbed by the district court or the appellate courts. Jurors have the absolute prerogative to return a responsive verdict regardless of the amount of evidence supporting the greater offense.[6]
The State set forth evidence that Defendant committed a battery upon Robertson whereas Defendant claimed that he did not actually hit or kick Robertson. The State claims that the testimony adduced at trial shows that Defendant swung at and kicked Robertson.
Defendant claims that the officers' description of the alleged punch at trial does not establish his intent to strike. Defendant notes that he only "turned around and backed up" and "yanked away" from the officer. Both officers testified that Defendant threw "some type of punch" or "uncoordinated left jab" in Robertson's direction. The fact that Defendant's action was clumsy or imprecise does not negate his intent to use force against the officer. Robertson said he avoided Defendant's fist, but that Defendant's nail cut him along the jawline. Thaxton also testified that he observed Robertson fall to the ground after Robertson "dodged" or "attempted to dodge" Defendant's movement. Although Defendant denied punching Robertson and indicated that he had just spun around and backed away from him, the jury was entitled to accept the officers' testimony over Defendant's version of events. Moreover, intent need not be proven as a fact and may be inferred from the circumstances and the actions of the accused. State v. Hickman , 15-0817, p. 11 (La.App. 4 Cir. 5/16/16), 194 So.3d 1160, 1167.
The jury's verdict is also supported by testimony that Defendant kicked, or attempted to kick, the trooper. This provides additional evidence that Defendant actively desired to cause Robertson bodily harm. Robertson testified that he felt a sharp pain in his knee and observed Defendant's foot pull back. Dr. Rudd, who treated Robertson for his knee injury, testified that Robertson's facture was consistent with a lateral kick to the knee. The record also shows Robertson used crutches and could not put any weight on his left leg for several months to allow his injury to heal. While Thaxton did not witness the kick and Defendant denied kicking the officer, Thaxton saw Robertson fall and heard him shout that Defendant "kicked" him.[7] Therefore, sufficient evidence existed for the jury to find Defendant had the intent to commit a battery against Robertson and convict Defendant of simple assault. Clearly, the jury could reasonably infer that Defendant intended to use force or violence against Robertson given the circumstances.[8]
*321 I find that reasonable minds could have concluded that Defendant committed a felony battery on a police officer or an assault against Robertson. The jury could have chosen to render the compromised verdict of assault.[9] Viewing the evidence in the light most favorable to the prosecution, the jury may have credited the testimony of the troopers by finding that Defendant's actions against Robertson constituted a simple assault. On the other hand, the jury may have believed that Defendant did not complete a battery but had the requisite intent to hit Robertson. Accordingly, this is not a matter of the sufficiency of the evidence but one of the weight given to that evidence by the jury. See Materre, supra. Credibility determinations and factual findings made by a jury are entitled to great deference by the district and appellate courts when deciding a motion for post-verdict for acquittal. As such, the district court erred when it granted the motion for post-verdict judgment of acquittal. Based on the foregoing, I would reverse the post-verdict of acquittal and reinstate the jury's verdict of simple assault.
Responsive Verdicts
I find that the majority erred by concluding that simple assault is not a responsive verdict to Defendant's charged crime of felony battery of a police officer. The issue of whether a simple assault is a proper Article 815 responsive verdict when the charged crime is a felony battery is res nova in this state.[10]
*322 The majority's holding that the first theory of assault, an attempt to commit a battery, is not a responsive verdict to the charged offense of a felony battery on a police officer, is contrary to La. R.S. 14:27, which makes attempts to commit a crime a lesser and included grade of the intended crime. The majority's holding improperly limits the application of La. R.S. 14:27 contrary to long recognized practices in our criminal courts in Louisiana. This is especially significant in cases involving protected classes where the Legislature created separate crimes of felony battery, such as in the case sub judice , battery of a police officer with injuries requiring medical attention ( La. R.S. 14:34.2, for which assault is listed as an Article 815 responsive verdict in the Treatise at § 10:28 ), as well as the following: disarming of a peace officer ( La. R.S. 14:34.6, for which assault is listed as an Article 814 responsive verdict in La. C.Cr.P. art. 814 (14.1) ); cruelty to the infirm ( La. R.S. 14:93.3, for which assault is listed as an Article 814 responsive verdict in La. C.Cr.P. art. 814 (5) ); battery of a correctional facility officer ( La. R.S. 14:34.5, for which assault is listed as an Article 815 responsive verdict in the Treatise at § 10:30); and battery of teachers ( La. R.S. 14:34.3, for which assault is listed as an Article 815 responsive verdict in the Treatise at § 10:31).
It is well-settled that a district court lacks the authority to vary or add to the prescribed verdicts mandated by La. C.Cr.P. art. 814. State v. Jones , 13-1118 (La.App. 4 Cir. 1/30/14), 156 So.3d 126, 128. However, when the legislature fails to proscribe mandated verdicts, the courts must rely on La. C.Cr.P. art. 815 to determine when an offender can be convicted of an offense that was neither charged nor prosecuted by the state. Article 815 provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.
Article 815, together with La. R.S. 14:5 and La. R.S. 14:27 (C), provide offenders with the required notice that they can be (1) "convicted of any one of the lesser and included offenses" of the greater offense charged and prosecuted by the State if "all the elements of other lesser offenses" are included in the charged crime, La. R.S. 14:5 ;[11] and (2) "convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
*323 La. R.S. 14:27 (C).[12] These statutes reflect the oft-quoted "necessarily included" test in State v. Poe , 214 La. 606, 38 So.2d 359 (La. 1948), and are applicable to the attempt responsive verdicts discussed in State v. Brown , 13-0268 (La.App. 4 Cir. 7/24/13), 163 So.3d 1, both of which are discussed below.
A trial judge is required to charge a jury with respect to all Article 815 responsive verdicts and all legislatively proscribed Article 814 responsive verdicts. La. C.Cr.P. art. 803.[13] To do otherwise would deprive a defendant of a right to due process and would be contrary to the principle of jury lenity.[14]
In Brown , the defendant, Ms. Brown, was charged with three counts of cruelty to a juvenile in violation of La. R.S. 14:93. She pled not guilty at arraignment and waived her right to trial by jury. The district court found her guilty of attempted cruelty to a juvenile on all three counts. The issues in Brown were whether a verdict of attempted cruelty to a juvenile was responsive to the charged offense of cruelty to a juvenile and whether the oft-quoted "necessarily included" test in Poe applied to the attempt verdicts. Ms. Brown relied on the Poe test and focused on this "theoretical nature of a responsive verdict." Ms. Brown claimed that her conviction should be reversed solely on the basis that, in theory, attempted cruelty to a juvenile can never be a responsive verdict to the completed offense.
In Brown , as in the case sub judice , the responsive verdicts for La. R.S. 14:93 are governed by La. C.Cr.P. art 815. Ms. Brown's argument that the verdict rendered was not responsive relied on the "necessarily included" test stated in Poe, 214 La. at 620, 38 So.2d at 363 : "the test is whether the definition of the greater offense necessarily includes all the elements of the lesser. Stated in another way for practical application, this merely means that, if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive." (emphasis in original).
However, in Brown , we distinguished Poe :
Recently, in State v. Barnett, 12-816 (La.App. 5 Cir. 5/16/13), 118 So.3d 1156, 2013 WL 2121928, the defendant raised a nearly identical theoretical argument on appeal after the responsive verdict of *324 attempted aggravated assault with a dangerous weapon was rendered at his trial. The defendant argued that the verdict was not legally responsive. He claimed that because an assault is merely an attempt to commit a battery, he could not be convicted of attempted aggravated assault with a dangerous weapon because the crime amounts to attempting to attempt to commit a crime. His argument was predicated on the incongruity of an attempt to commit the offense. The State countered that attempted aggravated assault with a firearm is a responsive verdict in cases in which the prosecution "does not rely on the attempted-battery definition of assault, but rather relies on the alternative theory or definition of assault, i.e., the intentional placing of another in reasonable apprehension of receiving a battery." Barnett, 118 So.3d at 1162.
Agreeing with the State, the Fifth Circuit in Barnett reasoned that a plain reading of the statute reveals that an assault is an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery. The Fifth Circuit found that it was evident from the record that the prosecution was founded on the defendant having intentionally placed another in reasonable apprehension of receiving a battery. Accordingly, the Fifth Circuit found that the responsive verdict of attempted aggravated assault with a firearm was appropriate. In so finding, the Fifth Circuit reasoned that "the record supports a finding that the state's theory of culpability rests on the alternative definition of assault and thus ... the responsive verdict of attempted aggravated assault with a firearm is appropriate in this case." Barnett, 118 So.3d at 1164. Likewise, in this case, the prosecution alleged intentional mistreatment or neglect; and the responsive verdict of attempted cruelty to a juvenile was appropriate.
Summarizing, the jurisprudence has recognized that the definition of a lesser included offense stated in the Poe case, which Ms. Brown cites, does not account for those exceedingly few offenses-such as cruelty to juveniles and assault-that by statutory definition may be committed in more than one manner. Because ... her claim lacks substantive merit, we find this assignment of error lacks merit.
13-0268, pp.12-13, 163 So.3d at 7-8 (Emphasis added; footnote omitted.)
Brown is especially applicable to the case sub judice . As with cruelty to juveniles, assault may be committed in more than one way and both cases involve attempt verdicts. The prosecution was founded on Defendant having committed a battery upon Robertson. I find that simple assault is a responsive verdict to battery of a police officer with injury requiring medical attention because one of the definitions of assault is an attempt to commit a battery. I also find that Poe 's "necessarily included" test used to determine whether a verdict is responsive is not universally applicable to every set of facts. See Brown, supra .
The district court properly charged the jury using the Treatise at § 10:28. Courts and attorneys in this state have long followed the Treatise to charge juries. If the district court was correct in utilizing the Treatise to charge the jury, it is imperative that the Louisiana Supreme Court recognize that this criminal jury instruction is an accurate statement of the law, as I have in my dissent.
For these reasons, I respectfully dissent. I would find that simple assault is a responsive verdict to battery of a police officer with injury requiring medical attention *325 and, thus, reverse the district court and reinstate the jury's verdict of simple assault.

This appeal only pertains to the violation of La. R.S. 14:34.2(B)(3).

Although not pertinent to the issue framed in this opinion, a full recitation of the facts of this case can be found at State v. Baugh, 2016-1201 (La. App. 4 Cir 1/18/17), 229 So.3d 520.

La. R.S. 14:38.

Notably, all of the battery offenses that are listed in the article do not include assault as responsive. La. C.Cr.P. art. 814(A)(18), (20), (21), (24).

La. C.Cr.P. art. 815 provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.

State v. Porter, 93-1106, pp. 4-9 (La.7/5/94), 639 So.2d 1137, 1140-1142 ; State v. Dufore, 424 So.2d 256, 258 (La.1982) ; State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982).

State v. Wix , 2002-1493, p. 9 (La. App. 4 Cir. 1/15/03), 838 So.2d 41, 47.

See R.S. 14:27(A).

La. R.S. 14:34.2(B)(2).

2001-0006, p.5 (La. 5/31/02), 823 So.2d 917, 921.

La. R.S. 14:34.2 states in pertinent part:
A. (1) Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is police officer acting in the performance of his duty.
* * *
B. (3) If the battery produces an injury that requires medical attention, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not less than one year nor more than five years, or both. At least thirty days of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

La. R.S. 40:966 (E) relates to the possession of marijuana, first offense. This charge was not tried at the same time as the matter at issue in this appeal.

Treatise at § 10:28 provides:
Battery of a Police Officer is the intentional use of force or violence upon the person of another without the consent of the victim, which force or violence produced an injury requiring medical attention, when the offender had reasonable grounds to believe the victim was a police officer acting in the performance of [his] [her] duty.
Thus, in order to convict the defendant of battery of a police officer, you must find:
(1) that the defendant intentionally used force or violence upon the person of [victim] [without [his] [her] consent] ; and
(2) that the defendant had reasonable grounds to believe [victim] was a police officer and was acting in performance of [his ] [her ] duty; and
(3) that the use of force or violence produced an injury which required medical attention [; and]
[ (4) that [victim] was a police officer acting in the performance of [his ] [her ] duty].

I also find that there was ample evidence to support a jury's verdict of the felony battery as charged. A jury has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged. State ex rel. Elaire v. Blackburn , 424 So.2d 246, 251 (La. 1982), cert. denied , 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). In Louisiana, "jury nullification" is a recognized practice, which allows a jury to disregard uncontradicted evidence by the trial court. State v. Porter, 93-1106, p. 4, fn. 5 (La. 7/5/94), 639 So.2d 1137, 1140, fn. 5, citing 2 Wayne R. LaFave and Jerold H. Israel, Criminal Procedure § 21.1 (1984). A jury has the absolute prerogative to return a responsive verdict regardless of the amount of evidence supporting the greater offense. "This authority is often called the 'jury's power of nullification' or the 'essential principle of jury lenity.' " State v. Divers , 38,524, p. 22 (La.App. 2 Cir. 11/23/04), 889 So.2d 335, 351-52, writ denied, 04-3186 (La. 4/8/05), 899 So.2d 2. Jury nullification is often cited when comparing it to the lawful prerogative of a jury to return a verdict of guilty of a responsive verdict. In State v. Lewis, 09-1404, p. 8 (La. 10/22/10), 48 So.3d 1073, 1078, the Court quoted Porter, 93-1106, p. 4, 639 So.2d at 1140 : "Treating the jury's prerogative to return a responsive verdict similar to the jury's power of nullification, this court has consistently held that the jury must be given the option to convict the defendant of the lesser offense, even though the evidence clearly and overwhelmingly supported a conviction of the charged offense."

A clear distinction exists between the two different theories of assault. The first, an attempted battery, requires specific intent. This is true for any "attempt" offense. See La. R.S. 14:27 (A). The second, reasonable apprehension of receiving of receiving a battery, requires general intent. See State in the Interest of K.M., 14-0306, p. 9 (La.App. 4 Cir. 7/23/14), 146 So.3d 865, 872 ; State v. De Gruy, 16-0891, pp. 12-13 (La.App. 4 Cir. 4/5/17), 215 So.3d 723, 730, writ denied , 17-0752 (La. 1/9/18), 231 So.3d 652. I do not address the alternative theory of assault due to my finding as to the attempt offense; however, I also find that that viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found Defendant guilty beyond a reasonable doubt of simple assault because the evidence shows that Defendant's actions placed Robertson as well as Thaxton in reasonable apprehension of receiving a battery.

See supra note 3.

The State notes that because Thaxton did not see what actually caused Robertson's fall, it "was plausible that the jury could not find beyond a reasonable doubt that the defendant kicked Robertson but believed testimony of both troopers that the defendant swung at Robertson."

The jury considers all evidence regarding the circumstances of the alleged crime when reaching its verdict, including the fact that the case involved law enforcement and a lawful arrest. Louisiana law requires that a "person must submit peacefully to a lawful arrest." La. C.Cr.P. art. 220. As noted by Justice Weimer in his dissent in State v. Helou , 02-2302, p. 1 (La. 10/23/03), 857 So.2d 1024, 1030 (Weimer, J., dissenting):
Jurors are chosen from different walks of life for the purpose of bringing to their deliberations a variety of different life experiences. Jurors represent the community in the criminal justice system. Although obligated to follow the law, jurors can draw on their common life experiences and apply their collective common sense.

In State v. Brantley, 43,067 (La.App. 2 Cir. 2/13/08), 975 So.2d 849, the defendant was charged with possession of a firearm by a convicted felon. The jury returned a compromised verdict of attempted possession of a firearm by a convicted felon. Therein, the court stated:
The charged offense is a general intent crime. Attempt, however, is a responsive verdict to the charged offense. La. C. Cr. P. art. 815 ; To sustain a conviction for attempted possession of a firearm by a convicted felon, the state must prove that the defendant had the specific intent to possess the weapon and that he committed an overt act toward the completion of that offense. La. R.S. 14:27 A. Nonetheless, the jury has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged. State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983).
Id., 43,067, p. 5, 975 So.2d at 852. (Emphasis in original; citations omitted)

The majority's reliance on State v. Johnson , 01-0006 (La. 5/31/02), 823 So.2d 917 and State v. Mayeux, 498 So.2d 701 (La.1986) is misplaced. Neither Johnson nor Mayeux specifically addressed this issue. In State v. Trackling , 04-3222, p. 6 (La. 1/19/06), 921 So.2d 79, 82-83, the Supreme Court, noting the limited holdings in Johnson and Mayeux , stated that "the conclusions in Mayeux and Johnson [were] that attempted aggravated battery and attempted simple battery are not separate, cognizable offenses. As regards the crimes of aggravated battery and simple battery, separate statutes criminalize the attempt. However, there is no statutory provision proscribing sexual assault. As a result, it appears that there is no logical or legal impediment to charging a defendant with attempted sexual battery." 04-3222, p. 10, 921 So.2d at 84-85 (footnote omitted). The Trackling court noted that "unlike simple battery, which has a companion offense for cases in which an attempt to commit the crime has occurred (LSA-R.S. 14:38, simple assault), sexual battery has no companion for cases in which the defendant's effort to touch the victim's anus or genitals is ultimately frustrated. The fact that aggravated assault (LSA-R.S.14:37 ) and simple assault (LSA-R.S.14:38 ) are both designated as offenses in Louisiana lends support to the conclusions in Johnson and Mayeux ." Id. Moreover, the Johnson court was concerned with district court eliminating "any possibility of compromise by withholding from jurors responsive verdicts for lesser included offenses" even when there is "overwhelming evidence of the charged crime." Johnson , 01-0006, pp. 1-2, 823 So.2d at 919. "By doing so, the court commits the jury "to an all-or-nothing choice between guilty and not guilty." Id., 01-0006, p. 2, 823 So.2d at 919. The issue in the case sub judice was not fully addressed in Johnson nor the recent case of State v. Price, 17-0529 (La. 6/27/18), 250 So.3d 230.

La. R.S. 14:5, states:
An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses.

La. R.S. 14:27 (C) reads: "An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."

La. C.Cr.P. art. 803 states in pertinent part:
When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense.

The Supreme Court has cautioned district courts that Louisiana's system of responsive verdicts has constituted a distinctive aspect of this state's law "[s]ince before the turn of the century," State v. Porter, 93-1106, p. 4 (La. 7/5/94), 639 So.2d 1137, 1140, further observing that, "[t]reating the jury's prerogative to return a responsive verdict similar to the jury's power of nullification, this court has consistently held that the jury must be given the option to convict the defendant of the lesser offense, even though the evidence clearly and overwhelmingly supported a conviction of the charged crime." Id., 93-1106, p. 4, 639 So.2d at 1140. "This authority is often called the 'jury's power of nullification' or the 'essential principle of jury lenity.' " State v. Divers , 38,524, p. 22 (La.App. 2 Cir. 11/23/04), 889 So.2d 335, 351-52, writ denied, 04-3186 (La. 4/8/05), 899 So.2d 2. See also supra note 3.